## S. M. HARTMAN v. G. THOMAS AND OTHERS.

A surviving husband may, after the death of his wife, dispose of his community interest in the homestead, regardless of the children of the marriage ; and it is immaterial that the property has continued to be the homestead after the death of the wife, and that the children of the marriage are minors. A purchaser from such surviving husband be-

comes a tenant in common with the children who inherited their mother's community interest ; and the right of such purchaser to a partition of the property cannot be postponed until the children become of age, or acquire homesteads of their own.  But the purchaser may abstain from requiring a partition, and proceed for half of the rents and profits.

APPEAL from Galveston.  Tried below before the Hon. C. B. Sabin.

The opinion discloses the case.

*McLemore & Hume*, for the appellant.

*W. H. Stewart*, for the appellees.

WALKER, J.  George Thomas and his third wife, Louise, made their note for four hundred dollars, gold, to Ernest Eng·elke, and secured the same by deed of trust over lot 10 in Block 150 in the city of Galveston, with all the improvements thereon. Thomas M. Joseph, the trustee, sold the property on the 20th of November, 1868, and Mrs. Hartman became the purchaser, receiving a deed from the trustee.  Louise Thomas died.  George Thomas and his minor children by his first wife, Catharine, remained in possession of the property, and on the 11th of November, 1869, Mrs. Hartman brought her action of trespass to try title, claiming only the interest of George Thomas in the lot, admitting the right of the minor children of Catharine Thomas, deceased, to their mother's community interest ; but the plaintiff claimed to be sole owner of the improvements, praying for an injunction against George Thomas, the appointment of a receiver, and partition of the property between herself and the minor defendants.  It is admitted that the property was acquired by George Thomas and his first wife, Catharine, in 1857, and appropriated and continuously occupied as a homestead.

The death of Catharine Thomas is admitted.

The children could not control the father in the sale of the homestead as such ; but he could not encumber nor dispose of the community interest which descended to them from their

mother. The cause was submitted to the court at the March term, 1871; a judgment and decree followed, confirming the right of the plaintiff to the undivided one-half of the property, and further decreeing that the right of the plaintiff in the property was subject to the use of the minor defendants, as a homestead, until each of them should die, attain their majority, or acquire another homestead. In either event the plaintiff should then have her election to a partition of the property, or to have it sold and the proceeds equally divided between herself and the minor children.

George Thomas was to pay the costs, and a counsel fee of fifty dollars to the attorney of the minor defendants. A motion for a new trial was made and overruled, and the case brought to this court on appeal.

The decree is in part erroneous. Mrs. Hartman is a tenant in common with the children of George and Catharine Thomas, and as such is entitled to partition; or, if partition is not demanded, she is entitled to one-half the rents and profits of the property.

As we have before said, the children could not control the father in the disposition of the homestead, but they could control him in any effort to sell the estate which descended to them.

If partition is demanded, the costs should be divided as in like cases.

The judgment of the District Court is reversed, and the cause remanded, to be proceeded in in accordance with this opinion.

Reversed and remanded.