# W. M. SHANNON v. C. GRAY ET AL.

## SUPREME COURT, AUSTIN TERM, 1883.

*Homestead—Community Debt—Rights of Child.*—After the death of the wife the husband can sell the homestead, it being community property, for the purpose of paying a community debt.

Appeal from Grayson county.

Appellant, as guardian of Thos. Shannon, instituted this suit February 3, 1879, against James Porch, John Porch, Chambers Gray and S. B. Cook, in trespass to try title to the land described in the petition, and in the event the proof should show his ward was only tenant in common, then for partition, etc.

The facts relied upon were in substance: That at the date of the death of Elizabeth Shannon, in 1863, said land was the homestead of herself and husband, Sevier Shannon, who were the parents of appellant's ward, and was their community property. Appellees answered that before the death of Elizabeth Shannon she and her husband gave a deed of trust on the land to secure Taylor, Knapp & Co., in the payment of a community debt. That after Elizabeth's death her husband, Sevier Shannon, went into bankruptcy, and that by an order of the bankrupt court in the matter of his estate, the assignee conveyed the land to Z. Taylor, one of the firm, in full satisfaction of the trust debt, and that appellees claim under this conveyance.

Also, that soon after his wife's death Shannon abandoned the property, and did not thereafter live upon it, and also that afterwards the said Zohnan Taylor, conveyed the land back to Sevier Shannon, who on the same day, at the same time, conveyed it to appellee Cook, under whom the others claim. The purchase money paid by Cook, was paid over to C. C. Binkley in full satisfation of the debt of Taylor, Knapp & Co.

The cause was submitted on an agreed statement of facts and judgment rendered for appellees, from which appellant appealed.

Opinion by Watts, J.

Appellant objects to the judgment because at the death of Mrs. Shannon in 1863, the homestead right vested in the the minor child, and as Shannon and wife were insolvent the child took the fee to the land.

In Brown v. Wall, 23 Texas, 589; the court said: "This court has decided, and the constitution clearly contemplates that the homestead right of the wife does not survive after her death, so as to vest a homestead right in the children of the marriage. In other words, after the death of the wife the husband may sell the homestead, if it be his separate property, the children having no interest in the homestead which restricts the father's right to sell."

While in Johnson v. Taylor, 43 Tex., 122, it is said: "The children have no interest in the homestead as such, by virtue of the homestead rights of the deceased parent. If it was community property of their parents, they inherit the share of the deceased parent, just as they inherit other community property."

This doctrine is fully approved in the case of Grothaus v. DeLopez, Texas Law Reporter, vol. 1, No. 8, p. 603.

These authorities answer this objection to the judgment.

Here the child inherited the community interest of the mother, not known as a homestead, but as any other community property, subject to the deed of trust executed by his parents prior to the death of the mother.

It is well settled that after the death of the wife, the husband could have sold the property for the purpose of paying this community debt, without first qualifying as survivor in community. It is equally well settled that his administrator, if he had died, would have had the right to control and administer the property for the purpose of paying the community debt.

When the father went into bankruptcy and by his schedule assigned this land to the assignee, burdened with the lien, and for the purpose of paying the debt, the title passed to the assignee, and thence to the purchaser by the assignee's conveyance. This bankruptcy, in its effect, is but a mode of administering property, for the purpose of paying a debt with which it is charged.

The property had long before that time lost its homestead character, by its abandonment as such. John v. Battle, decided at the recent Galveston term. If, however, we should be mistaken in this view of the law, it will not be disputed that the sale and conveyance of the land by Shannon for the purpose of paying the community debt, was an effectual bar to a recovery of the land or any part of it by

appellant. (Harrison v. Johnson, 48 Tex., 257.) There is no error in the judgment and it ought to be affirmed.

[Approved.]