TOOTLE, HOSEA & CO. v. D. M. ALEXANDER.

No. 1550.

**Attachment—Abatement of Writ.**

An attachment procured upon a petition which fails to show or does not show correctly whether the debt was due or not can not be abated on a plea showing that only part of the debt was due at the time it was procured.

APPEAL from District Court of Wilbarger County. Tried below before Hon. G. A. BROWN.

*J. A. Luckey, L. P. Bonner* and *W. B. Berry,* for appellants.—An affidavit filed with a petition duly sworn to must be construed in connection with it, and it is sufficient if the affidavit and petition taken together show the facts. Gray v. Steedman, 63 Texas, 95; Cleveland v. Boden, 63 Texas, 103; Willis v. Mooring, 63 Texas, 340; Johnson v. Dowling, 1 White & W. C. C., sec. 1092; Focke v. Hardeman, 67 Texas, 173.

*Stephens & Huff,* for appellee.—Where there are facts which are not shown on the face of the record the same may be set up by a plea in the nature of a plea in abatement. Evans v. Tucker, 59 Texas, 249; Messner v. Lewis, 20 Texas, 221-2.

A variance between the petition and affidavit is properly set up by plea in abatement, and will reach the defect. Moore v. Bank, 82 Texas, 537; Evans v. Tucker, 59 Texas, 250; Marshall v. Alley, 25 Texas, 342; Cox v. Reinhardt, 41 Texas, 591.

Where the affidavit refers to the original petition for the indebtedness, and as to when it will be due, the two become the affidavit for the attachment in the case. But if the plaintiff afterwards amends his pleading so as to show that his former affidavit was not correct, that the debt sued for is not due as stated in the original petition, then the same should be quashed on motion or plea in abatement. Avery v. Zander, 77 Texas, 208; Cox v. Reinhardt, 41 Texas, 593; Marx v. Abramson, 53 Texas, 265.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the appellants, Tootle, Hosea & Co., against D. M. Alexander, June the 4th, 1892, on open account for goods, wares and merchandise sold by plaintiff to defendant for the reasonable value of $2009.64. It is averred that the goods were bought on and before May the 2nd, 1892. The original petition does not show when the account became due, but avers that defendant promised to pay for the goods at the dates specified in exhibit attached marked "A." The exhibit "A" does not show when the account became due. Same day of filing suit plaintiff applied for attachment by affidavit and bond, the affidavit also referring to exhibit "A." The items of account are not specified in the petition or the exhibit.

August 6, 1892, plaintiff filed first amended original petition, which shows that the goods were bought on the 18th day of May, 1892, and on divers days and dates prior thereto, referring to another exhibit marked "A" and annexed to the petition, and that the amount sued for is the same as stated in the original petition, was then due and payable, and that defendant promised to pay for them when bought. The exhibit itemizes the goods bought.

February 6, 1893, defendant filed a motion to quash and a sworn plea in abatement of the writ of attachment, which had been issued, all in one paper. The motion to quash was not acted on by the court, but the court trying the cause without a jury decided that the plea in abatement should be sustained, because plaintiff's petition failed to show "that a part of the account was due and a part not due."

The plea in abatement says the goods for which plaintiff sues and attaches were sold on what is known as thirty, sixty and ninety days and four months time; that at the time the suit was brought only $973 were due under the contract, and that the sum of $1236.18 fell due since the institution of the suit, and at the time the amended petition was filed $266.18 were not due, and that the allegation in the petition that the same was due is untrue, and that the averment in the petition that defendant promised to pay for the goods on the date of their delivery is untrue in that they were to be paid for in thirty, sixty and ninety days and four months from date. The answer explains certain endorsements on the bills furnished him as evidencing the alleged fact that the bill matured as alleged. Prayer that the attachment be abated.

August 25, 1894, the court tried the case and rendered judgment for plaintiff for $973.40, with interest from the fourth day of June, 1892, aggregating $1100, and for the sum of $1236.18, with interest at six per cent from the first day of January, 1893, aggregating $1353.61, both amounts aggregating the total sum of $2453.61, to bear from date six per cent interest per annum, and that the plea in abatement be sustained. Plaintiff excepted and appealed.

There is no statement of facts in the record, but the court filed findings of fact which we adopt as true, as follows:

"1. Plaintiffs filed this suit on the fourth day of June, 1892, to recover on an account for merchandise sold and delivered defendant on several days and dates, extending from the first day of February, 1892, to the eighteenth day of February, 1892.

"2. By the terms of the sale and purchase of said merchandise they were to be paid for by the defendant respectively in thirty, sixty, and ninety days, and four months after such sale.

"3. When this suit was filed only about $973.46 of the account sued on were due, and the remainder thereof, $1236.18, became due during the proceeding hereof.

"4. Plaintiff originally sued on said account as past due, and on the same day procured an attachment to issue and be levied on certain goods

as the property of defendant, and particularly described in the officer's return on said writ.

"5.    Defendant filed his plea in abatement to said writ of attachment on the ground that only a part thereof was due at the institution of this suit, and plaintiffs' failure to so allege.

"6.    The goods, etc., were sold defendant, were of the kind and value as stated in plaintiffs' first amended petition.

"7.    The property, etc., attached by plaintiffs were taken by one J. C. Johnson, on his affidavit and claimant's bond duly made and filed as required by law."

Upon the foregoing conclusions of fact the lower court found and applied the law as follows, which we do not adopt in toto:

"1st.    Plaintiffs are entitled to judgment for the amount sued for.

"2nd.    Defendant's plea in abatement to plaintiffs' attachment must be sustained because of plaintiffs' failure to show in his petition that a part of said account was due and part not due."

*Opinion.*—We do not think the court was correct in sustaining the plea in abatement upon the ground that the petition was defective because it failed to show what part of the account was due and what part was not due.

It has been recently decided by the Supreme Court of this State that it is not necessary to the issuance or validity of an attachment "that the affidavit or the petition state what part of the debt is due, or that it is not due" (Gimbel & Son v. J. Gomprecht & Co., decided May the 4th, 1896), and "that if the petition and affidavit incorrectly state the time when the debt becomes due it may be so amended as to correctly state the facts, without affecting the validity of the writ of attachment." The court also say, "that an allegation which appears in defendant's answer and simply states a fact which does not if true defeat the writ of attachment" could not have the effect to abate the writ.    Following the case cited we must hold that neither the motion to quash the writ nor the plea of abatement should have been sustained.    We therefore conclude that the court erred in abating the writ, and that the judgment rendered be reversed to that extent and affirmed in other respects.    We would render judgment foreclosing the attachment lien, as should have been done by the lower court, but the writ of attachment with the levy describing the goods levied on is not found in the record and the goods cannot be described by a judgment of this court, so we affirm the judgment of the lower court establishing the debt of plaintiff, and remand the case, not for another trial, but with instructions to the lower court to enter judgment foreclosing attachment lien of plaintiffs on the goods attached in due form.

Affirmed in part, reversed in part with instructions to the lower court to enter judgment as directed.

*Affirmed in part and in part reversed with instructions.*

Decided May 20, 1896.