SAVINGS & LOAN COMPANY v. JOHN W. BRISTOLL ET AL.

Decided October 22, 1910.

**1.—Homestead—Partition.**

The prohibition against a partition of a community homestead, contained in section 52, article XVI, of the Constitution, and in articles 2057 and 2062, Rev. Stats., applies only to the heirs of the deceased spouse, and not to those who claim an interest in the homestead through titles acquired otherwise than by descent from the deceased spouse.

**2.—Same—Purchaser of Survivor's Interest.**

One who acquires the interest of a surviving wife in the community homestead, whether by voluntary sale or under foreclosure proceedings, is entitled to partition of the same as against the heirs of the deceased husband; and this right can not be affected by the fact that the surviving wife has subsequently been appointed guardian of a minor daughter by a proper court and as such guardian authorized to occupy the homestead with the minor.

Appeal from the District Court of Galveston County. Tried below before Hon. Robt. G. Street.

*John W. Campbell,* for appellant.—The prohibition against partition of the homestead extends only to those who claim as heirs of the decedent. Clements v. Maury, 110 S. W., 185; Williams v. Jones, 106 S. W., 755; Lee v. British & Amer. Mrtg. Co., 61 S. W., 134; Modisette v. Natl. Bank, 56 S. W., 1007; Powell v. Naylor, 74 S. W., 338; Gilliam v. Null, 58 Texas, 298.

The survivor in community may mortgage homestead property for a debt not a community obligation. Lacy v. Rollins, 74 Texas, 566.

*Stewarts* and *Geo. T. Burgess,* for appellees.—The mortgage by Mrs. Bristoll to appellant and the foreclosure sale under the decree foreclosing such mortgage passed Mrs. Bristoll's fee to the property but did not convey her right and election to use and occupy the same as homestead. Harle v. Richards, 78 Texas, 80.

McMEANS, ASSOCIATE JUSTICE.—Suit by Savings & Loan Company against John W. Bristoll and others for partition of lot No. 3 in block 549 of the city of Galveston.

The facts are substantially as follows: The lot in question was acquired by William Bristoll prior to 1889 and constituted the community homestead of the said Bristoll and his wife, Cassandra Bristoll. William Bristoll died in said year, leaving surviving him his said wife and four children, the issue of his marriage with Cassandra, viz., John W.; W. M.; Lois, who afterwards married James Ellender, and Louise. After the death of her husband the said Cassandra borrowed money from the appellant for the purpose of making improvements upon the homestead, securing the sums borrowed by mortgages on her undivided half interest in the lot and improvements. In 1907, in the District Court of Galveston County, in a suit brought by the appellant, Savings & Loan Com-

pany, against Cassandra Bristoll, to which the said children were made
party defendants, a final judgment was entered foreclosing plaintiff's
mortgage liens on the undivided half interest of the said Cassandra in
said lot and improvements, and the same were ordered to be sold in sat-
isfaction of plaintiff's debt. In said judgment it was decreed that plain-
tiff take nothing as against the said children. On February 11, 1908,
an order of sale was regularly issued under said judgment, and there-
after Cassandra's undivided half interest in said lot was sold thereunder
and bought in by the Savings & Loan Association, and a proper deed
conveying the same to said Association was executed and delivered to it.
On May 7, 1908, this suit for partition was brought.

From the date of the death of William Bristoll and to the time of
the trial, the said lot was continuously occupied by the said Cassandra
and her minor daughter, Louise, as their homestead. The two sons, John
W. and W. M., and the daughter, Lois, married and do not live on the
property.

On March 25, 1909, after the institution of the partition suit, the
County Court of Galveston County, upon an application filed by Cas-
sandra Bristoll, appointed the said Cassandra temporary guardian of the
minor, Louise, and in that connection made its further order in which
it was "adjudged and decreed that said lot 3 in block 549 and improve-
mnts in the city and county of Galveston, Texas, be decreed to be the
homestead of said minor, Louise Bristoll, and that the same be set apart,
and the guardian of said minor and said minor be allowed to use and
occupy the same as a homestead until said minor attains her majority."
Thereafter, on May 19, 1909, the partition suit was tried by the court
without a jury and resulted in a judgment in favor of defendants, the
court finding and decreeing that the premises sought to be partitioned
"were the community homestead of the late William Bristoll and his
wife, the defendant, Cassandra Bristoll, and so occupied and used by
them at the time of his death, and have been ever since and is now so
occupied and used by the said surviving wife and their minor daughter,
the defendant, Louise Bristoll, of the age of fifteen years, and that the
same has been duly set aside to the said Louise by the County Court of
Galveston County as her homestead during her minority; and because
it is the opinion of the court that the law and the facts are for the de-
fendant, Louise Bristoll, it is therefore ordered, adjudged and decreed
that said premises known as lot No. 3, in block 549, in the city and
county of Galveston, Texas, being incapable of partition at this time,
that the plaintiff, Savings & Loan Company, take nothing by its suit,
and that the defendants go hence . . . without prejudice to plain-
tiff's right to demand and sue for partition after the said Louise shall
attain her majority."

From this judgment the plaintiff, Savings & Loan Company, has prose-
cuted this appeal, and assails the judgment by appropriate assignments
of error, which we will not consider in detail.

Section 52 of article XVI of the Constitution of 1876 provides: "On

the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having the jurisdiction, to use and occupy the same."

Article 2057, Revised Statutes, 1895, provides: "The homestead shall not be partitioned among the heirs of the deceased during the lifetime of the widow, or so long as she may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having the jurisdiction, to use and occupy the same."

Article 2062 provides: "On the death of the wife, leaving a husband surviving, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of such surviving husband, or so long as he may elect to use or occupy the same as a homestead."

Upon the death of William Bristoll his undivided interest in the community homestead descended and vested in his children (Rev. Stats., art. 1696), and their right to the immediate use and possession thereof and to a partition thereof became fixed, subject only to the right of his widow to use or occupy the same so long as she might elect to do so, or so long as the duly appointed guardian of the minor, Louise, might be permitted, under the order of the proper court, to so use or occupy the same; but during the time the homestead should be so used or occupied the heirs of William Bristoll could not lawfully have a partition thereof. But it seems clear to us from the wording of the Constitution and statutes that the prohibition against a partition of the community homestead is as to the heirs of the deceased spouse, and not as to those claiming an interest in the land through titles otherwise acquired than by descent from the deceased spouse.

This is distinctly declared in Gilliam v. Null, 58 Texas, 298, wherein our Supreme Court in construing the provision of the Constitution above quoted, says:

"The Constitution refers in its terms only to a descent of the land to the heirs of one of the spouses occupying it at the time of such death as a homestead, and prohibits its partition among the heirs of such decedent during the lifetime of the survivor or as long as he or she may choose to occupy it as a homestead. In this case the decedent was Richard Gilliam, and it was to parties claiming as heirs of his estate that the partition is prohibited, not to those claiming an interest in the land through other titles."

In Ford v. Sims, 93 Texas, 586, 57 S. W., 21, our Supreme Court, speaking through Associate Justice Brown, says: "Under the law ex-

isting prior to the adoption of the Constitution (1876), the homestead of an insolvent estate was required to be set aside to the widow and minor children of the deceased, and became their property free from the claim of adult heirs. To remedy this, section 52 was adopted, which changed the rule so that the homestead, whether the estate be solvent or insolvent, should descend to all the heirs according to law. It was not intended by that section to regulate the rights of creditors and heirs. The language relates alone to the rights of the heirs of the husband and wife, as between themselves, to the homestead property upon the death of either spouse." See also, Lee v. British & American Mortgage Co., 25 Texas Civ. App., 481 (61 S. W., 137).

Upon the death of William Bristoll his surviving widow had authority to sell, or, as she did, mortgage her undivided half interest in the community homestead. Lacy v. Rollins, 74 Texas, 566; Watts v. Miller, 76 Texas, 15; Bateman v. Pool, 84 Texas, 407; Dwyer v. Foley, 35 S. W., 821. And a sale under foreclosure proceedings, whether by the court or by a trustee appointed for that purpose, was as effectual in passing her title to the purchaser as if made directly by her. Lee v. Mortgage Co., 25 Texas Civ. App., 481 (61 S. W., 137). As Cassandra Bristoll's title was not acquired by descent from her husband, her interest in the homestead was not that of an heir, hence a partition between the appellant, after it acquired her title, and the children of the deceased, was not within the prohibition of the Constitution and statutes which forbids the homestead being partitioned between "the heirs" of the deceased during the existence of the given conditions. Having then acquired title otherwise than of descent from, or as an heir of, the deceased, the appellant, Savings & Loan Company, had the right to have its interest in the lot partitioned and set aside to it; and this right was in no manner abridged by the subsequent action of the County Court in setting apart to the guardian the premises in question as a homestead for the minor. Williams v. Jones, 106 S. W., 755.

The trial court in support of its judgment evidently relied upon an expression contained in the case of Harle v. Richards, 78 Texas, 80. If that case is directly in point we doubt its correctness, for to deny partition to a purchaser from the surviving spouse in favor of a minor child of the deceased who has been permitted by the order of the proper court to use the premises, would be engrafting upon the Constitution and statutes a meaning which their language does not justify nor the rules of construction warrant, and would, in effect, overrule the case of Gilliam v. Null and that line of cases that hold that the prohibition as to partition was as between "the heirs" during the lifetime of the survivor, or so long as the minor children should be by order of the proper court permitted to use the property as a homestead, and does not prohibit such partition between such heirs and one who had acquired the undivided interest of the survivor in a community homestead. Lee v. Mortgage Co., *supra.*

The judgment of the court below is reversed and the cause remanded

with instructions to the District Court to enter its decree vesting the title to an undivided half interest in the premises in question in appellant, and to proceed to cause partition thereof in the manner prescribed by law.

*Reversed and remanded with instructions.*

Writ of error refused to Bristoll.