**SMITH et al. v. DUNNAM.**

No. 1336.

Court of Civil Appeals of Texas. Waco.

Feb. 2, 1933.

Rehearing Denied March 16, 1933.

J. M. Woods and P. C. Sanders, both of San Antonio, for appellants.

Forrest Campbell and Raymond Edwards, both of San Antonio, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant Mrs. Josie Smith, for herself and as guardian of the persons and estates of her minor children, R. V. Smith, Jr., Margaret Smith, and Van Smith, to set aside a judgment of the district court awarding appellee, Edith Dunnam, recovery of an undivided one-half interest in a certain tract of land in the city of San Antonio, adjudging title to the other half of said tract to be in said minors and ordering said tract sold for partition. Appellant alleged that said tract of land was community property of her deceased husband, R. V. Smith, Sr., and herself; that during his lifetime they used and occupied the same as a home for themselves and their minor children; that they owned no other property; that she and her children had used and occupied said tract of land as a home continuously since his death. She alleged that she had been duly appointed guardian of the persons and estates of the above-named children of herself and her deceased husband. She further alleged that she had theretofore borrowed from appellee the sum of $1,200, and given a deed of trust on her undivided one-half interest in said tract of land to secure the same; that she had never abandoned her homestead use thereof, but, on the contrary, had continuously claimed the right to use and occupy the same as such; that, since said property at the time said deed of trust was executed was the homestead of herself and children, the same was void. She fur-

ther alleged that thereafter, in a suit pending in the court in which this suit was filed, appellee recovered a judgment against her individually and as guardian as aforesaid for an undivided one-half interest in said tract of land, and declaring title to the other undivided one-half thereof to be in said minors. She alleged that the court in said judgment further found and declared that said tract of land was subject to partition; that it was incapable of partition in kind, and appointed a receiver to sell the same to enable the court to divide the proceeds of such sale according to the respective interests of appellee and said wards. She prayed for a decree vacating and annulling said judgment and confirming title in her to an undivided one-half interest in said land.

Appellee presented a general demurrer to appellant's petition. The court heard and sustained the same and dismissed the cause. Hence this appeal.

### Opinion.

Appellant's specifications of error are all predicated upon the contention that the mortgage given by her to secure the loan made her by appellee was void, or, at least, that the rights, if any, acquired thereunder by appellee could not be asserted as a basis for requiring partition of the property or disturbing appellant and her wards in the use and enjoyment of the same for homestead purposes. Appellant's allegations are meager, and do not show a foreclosure of appellee's lien on appellant's undivided half interest in the land, but such foreclosure is conceded in appellant's brief. The allegations of her petition do show affirmatively that the court, in the judgment sought to be set aside, found and adjudged title in appellee to an undivided half interest in said tract of land, and ordered her interest therein segregated and set aside to her in severalty by the process of partition. Appellant does not assail the integrity of that judgment. She does not in any way excuse herself for not presenting the matters urged as ground for setting the same aside, in the trial of that case, nor for not prosecuting an appeal from such judgment. Since she does not allege anything to the contrary, we must presume that she was duly cited in the suit in which such judgment was rendered, or that she appeared and answered therein. She was required to exercise due diligence to present and establish in the trial of that suit all her defenses to the relief sought by appellee therein. She was further required to seek correction of any errors committed in such trial by appeal or writ of error. In invoking the equitable powers of the court to vacate and annul such judgment, she should have alleged affirmatively that she had a meritorious defense to the rights and demands asserted by appellee in said cause

which would probably produce a different result on another trial, and that she was prevented from presenting the same by fraud, mistake, or accident and without any want of proper diligence on her part. Winters Mutual Aid Ass'n, Circle No. 2 v. Reddin (Tex. Com. App.) 49 S.W.(2d) 1095, 1096, pars. 4 and 5, and authorities there cited; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963, 964, pars. 2 et seq. Her allegations did not show a valid defense to the relief awarded appellee in said judgment. On the death of her husband her undivided half interest in said tract of land became subject to sale or incumbrance by her at her pleasure. Hartman v. Thomas, 37 Tex. 90, 91; Grothaus v. De Lopez, 57 Tex. 670. Her children, as against her, her vendee or mortgagee, had no homestead right therein. Ashe v. Yungst, 65 Tex. 631, 636; Shannon v. Gray, 59 Tex. 251, 252; Johnson v. Taylor, 43 Tex. 121, 122 (bottom of page). Constitutional and statutory inhibitions against the partition of homesteads have no application when such action is sought by one who has lawfully acquired the interest of the surviving spouse therein. Savings & Loan Company v. Bristoll, 62 Tex. Civ. App. 387, 131 S. W. 641 et seq. (writ refused); Williams v. Jones (Tex. Civ. App.) 106 S. W. 755, 756 et seq. (writ refused). Appellant also failed to allege any reason why the contentions urged by her herein were not presented and litigated in the former suit. Her allegations were insufficient to sustain an action to set said judgment aside, and appellee's general demurrer was properly sustained.

The judgment of the trial court is affirmed.