**KEELS et al. v. FIRST NAT. BANK OF GROVETON.**

No. 9955.

Court of Civil Appeals of Texas. Galveston.

April 13, 1934.

W. B. Thomas, of Groveton, for appellants.

N. H. Phillips and C. H. Crow, of Groveton, for appellee.

LANE, Justice.

On and prior to February, 1930, J. C. Keels and Adella Keels were husband and wife.

At the February term of the district court of Trinity county, Tex., Mrs. Keels brought suit against her husband, J. C. Keels, for a divorce and for a judgment setting aside to each the proper share of their community estate, said suit being numbered on the docket of said court 4834.

While said suit No. 4834 was pending, the First National Bank of Groveton brought suit in said court against J. C. Keels, to recover upon a certain debt owing by J. C. Keels to it amounting to a sum of $7,000 or $8,000, and for a foreclosure of a lien on certain lands belonging to the community estate of J. C. Keels and wife, executed by J. C. Keels to secure said debt, said suit being No. 4836 in said court. By agreement of the parties the two suits were consolidated and thereafter proceeded to trial under the number and style of the suit first filed.

N. H. Phillips, an attorney at law, was

employed by Mrs. Keels to file and prosecute suit No. 4834, agreeing and contracting to pay him the sum of $500 for such services. Under such agreement Phillips did file said suit and prosecuted it to final judgment, together with J. W. Madden and S. A. Denny, lawyers, whom he had employed to assist in the trial of the cause in behalf of Mrs. Keels. At the time Phillips was employed by Mrs. Keels it was agreed that he (Phillips) would try to recover judgment against J. C. Keels in the divorce suit for the $500 attorney's fee, but if no such recovery could be obtained then he should have judgment against her for said sum to be secured by a lien and an assignment from her upon her interest in the community estate of herself and her husband, J. C. Keels.

Judgment was entered in said consolidated suits on the 6th day of March, 1930, granting Mrs. Keels a divorce from her husband, J. C. Keels, and placing her minor children in her custody. In said judgment it is recited as follows: "Both the plaintiff Adella Keels, and the defendant, J. C. Keels and the First National Bank of Groveton, appeared in person and by their respective attorneys, and announced to the court that they have compromised and settled all matters of dispute relating to the property and property rights involved therein, and have requested the court to enter its judgment in accordance therewith."

The judgment also recites that by agreement of the parties two tracts of land, one of 159 acres and the other of 36 acres (fully described), shall be set aside to Mrs. Keels as her homestead during her natural life, with the fee therein undivided in both, Adella Keels and J. C. Keels, and that J. C. Keels shall have the balance of the lands involved in the suit; said land to be subject, "alone" to the payment of the debt sued for by the First National Bank of. Groveton.

After reciting such agreements, the judgment awards to Mrs. Keels the two tracts of land above mentioned for the purpose stated, and to J. C. Keels the balance of the land, consisting of 14 tracts (fully described), conditioned, however, that said lands and certain personal property shall "alone" bear the burden of the claim of the First National Bank of Groveton.

It being agreed to by all the parties to the suit, as recited in the judgment, the First National Bank of Groveton was awarded a recovery of its claim against J. C. Keels, together with a foreclosure of chattel mortgage lien upon certain personal property (de-scribed), executed by J. C. Keels to secure payment of said claim and also for a foreclosure of a deed of trust lien, executed by J. C. Keels, to secure the claim of the First National Bank of Groveton, upon all lands owned by Keels and wife, save and except the two tracts awarded to Mrs. Keels, for the purposes hereinbefore stated.

Continuing, the judgment recites as follows: "And it is further ordered by the court that N. H. Phillips, attorney for the plaintiff, Adella Keels, be and he is entitled to a fee of $500.00, and that same is secured by a lien on the interest and property awarded to said Adella Keels."

The judgment mentioned was, in all its parts, rendered and entered by agreement of all parties to the consolidated suits, and has never been set aside nor appealed from by any of the parties.

N. H. Phillips, who represented Mrs. Keels in the before-mentioned suit, transferred to the First National Bank of Groveton a one-half interest in the judgment rendered for him in said suit, and on the 8th day of March, 1930, two days after the aforesaid agreed judgment was rendered, Mrs. Adella Keels, at the request of N. H. Phillips, executed and delivered to N. H. Phillips two promissory notes, one payable to the First National Bank of Groveton, designated as No. 1, and the other payable to N. H. Phillips, designated as No. 2, each being for the sum of $250, payable respectively one and two years after date. On the same day, to wit, March 8, 1930, Mrs. Adella Keels, a feme sole, made, executed, and delivered to Hayne Nelms, as trustee for the benefit of the holder or holders of said notes, a deed of trust upon the two tracts of land awarded to Adella Keels in the judgment rendered in cause No. 4834, above mentioned, to secure payment of the said two notes. After describing the two tracts of land by metes and bounds, for further description of same reference is made to the judgment in suit No. 4834 hereinbefore mentioned, and reciting that such lands are the same, of which an undivided one-half interest was awarded by said judgment to Adella Keels in fee, and the remaining one-half to her for life, and further reciting as follows: "All of which interest is hereby conveyed, said decree recognizing and fixing a lien against said land to secure an attorney's fee in the sum of $500.00 in favor of N. H. Phillips, third party herein, this Deed of Trust and the notes hereinafter described being in renewal and extension of said indebtedness and said lien."

At the time the agreed judgment was rendered and entered, Lloyd Keels, an adult son of Mrs. Keels, held a power of attorney executed by Mrs. Keels on the 27th day of November, 1929, by the terms of which he was expressly given "full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as she (Mrs. Keels) could do if personally present." Being clothed with such power and authority, he, on behalf of Mrs. Keels, agreed with the other parties to suit No. 4834 upon the terms of the judgment which should be rendered in said suit, and which was upon such agreement rendered by the court.

As already shown, note No. 1 became the property of the First National Bank of Groveton. One-half undivided interest in note No. 2 was transferred to and became the property of the law firm of Madden & Denny in satisfaction of the services rendered by them in assisting N. H. Phillips in the trial of suit No. 4834 in behalf of Mrs. Keels, she having agreed that such assistance might be rendered by said firm. The other one-half undivided interest in note No. 2 was by N. H. Phillips, for a valuable consideration, sold to the Trinity State Bank.

On the 15th day of September, 1932, this suit was instituted by the First National Bank of Groveton, the Trinity State Bank of Trinity, Tex., N. H. Phillips, and by J. W. Madden and S. A. Denny, who composed the law firm of Madden & Denny, against Mrs. Adella Keels, a feme sole.

The plaintiffs alleged that N. H. Phillips and the firm of Madden & Denny had been by Mrs. Keels employed to file and prosecute suit No. 4834, and had agreed to pay them a fee of $500 for so doing. They alleged that to secure the payment of such fee, Mrs. Keels agreed to grant to her attorneys an equitable lien against any property recovered for her by them in said suit for her use and benefit; that in compliance with such employment and agreement, said attorneys did, in behalf of Mrs. Adella Keels, file suit No. 4834 and prosecute the same to final judgment; that in such final judgment, which was rendered and entered by the court upon an agreement of all the parties to the suit, judgment was rendered for the sum of $500 in favor of her attorneys, with an equitable lien on the property recovered in said suit for Mrs. Keels; that after the rendition of said judgment in cause No. 4834, and contemporaneously with the execution of the two notes, Nos. 1 and 2, Mrs. Adella Keels executed and delivered to Hayne Nelms, trustee, a deed of trust upon the land set aside to her in suit No. 4834 to renew and extend and to secure the payment of the judgment rendered in favor of her attorneys in suit No. 4834, and the two notes Nos. 1 and 2.

Plaintiffs further alleged that both of such notes were past due and the refusal of Mrs. Keels to pay same; that N. H. Phillips had been employed to bring this suit by all other plaintiffs upon the promise to pay him 10 per cent. on the principal of the two notes as an attorney's fee as provided by said notes. Plaintiffs further alleged as follows: "That of the land above described Mrs. Adella Keels, the defendant, owns in fee an undivided one-half interest and that she has a life estate in the other undivided one-half interest with the remainder at her death to the estate, heirs or legal representatives of J. C. Keels, deceased; and plaintiff would show that since the interest of the J. C. Keels estate will not be adversely affected by this foreclosure, that his heirs and legal representatives are not necessary parties, and that the sale under foreclosure herein prayed for will be without prejudice to their rights in the premises, and they ask that the decree so state."

Plaintiffs pray for judgment upon said notes as their several interests are made to appear, together with interest, attorney's fee, and for a foreclosure of their alleged lien, and for general relief.

Defendant Mrs. Keels filed her plea in abatement, alleging that the children of her former husband and herself are necessary parties to this suit and have not been made parties. Answering further, she denies generally all allegations of the plaintiffs and specially denies that she had employed J. W. Madden and S. A. Denny, as alleged by plaintiffs; she specially denies the execution of the deed of trust alleged in the plaintiffs' petition, but that if she did sign such deed of trust that she did so at the request of her attorney, N. H. Phillips, who withheld from her the importance and effect of the same; and that her signature thereto was procured by fraud, deception, and misrepresentation of N. H. Phillips, in whom she reposed confidence, and that had she known the import and effect of such deed of trust she would not have signed the same. She alleges that the land involved in this suit constituted the homestead of herself and her minor children and unmarried daughters at the time she signed the deed of trust, and that she was the head of her family, and therefore the deed of trust is void and unenforceable.

By a plea designated in the record as "Plaintiffs' First Supplemental Petition," which we think may be more accurately called a supplemental petition and trial amendment, the plaintiffs alleged, among other things not necessary to be here stated, that the First National Bank of Groveton was a purchaser and holder of note No. 1, hereinbefore mentioned; that it paid $250 therefor; that it purchased and paid for same before maturity thereof without notice or knowledge of any infirmity therein. That the Trinity State Bank was an innocent purchaser and holder for value of an undivided one-half interest in Note No. 2, for which it paid $125 without notice or knowledge of any infirmity therein; that the other interest in note No. 2 was owned by Madden & Denny.

The cause came on for trial before a jury upon special issues. The court, however, overruled all pleas in abatement, demurrers, and special exceptions to pleadings of all parties.

In answer to the special issues submitted, the jury answered that N. H. Phillips did induce Mrs. Keels to execute the deed of trust, offered in evidence, by means of false and fraudulent representations and promises, as alleged by her; that Mrs. Keels was not negligent in availing herself of the means at her command in ascertaining the true purport and meaning of the deed of trust which she signed; that N. H. Phillips withheld from Mrs. Keels information as to the contents of the deed of trust signed and executed by her which he was in duty bound to disclose to her, and that Mrs. Keels would not have executed the deed of trust if she had been fully advised as to the legal effect thereof by N. H. Phillips, her attorney.

Notwithstanding the findings of the jury, the trial judge held that the undisputed evidence and the law applicable to the cause entitled the plaintiffs to a recovery in all respects as sued for against Mrs. Adella Keels, and proceeded to render judgment for all the plaintiffs for the sum of $687.50, with interest thereon at the rate of 10 per cent. per annum from date of judgment until paid, said amount to be owned and held for the respective plaintiffs in the proportions alleged in their petition, that is, one-half to the First National Bank of Groveton, one-fourth to the Trinity State Bank, and one-fourth to J. W. Madden and S. A. Denny.

The judgment also ordered a foreclosure of the respective liens alleged by the plaintiffs, the two banks, upon the two tracts of land awarded to Mrs. Adella Keels in suit No. 4834, to secure payment of the judgments rendered for them.

Judgment of foreclosure of any lien in behalf of J. W. Madden and S. A. Denny, parties composing the law firm of Madden & Denny, was denied in the following language: "And because of and in deference to the findings of the jury above set forth, it is the further order and decree of the Court that J. W. Madden and S. A. Denny, composing the firm of Madden & Denny, associate counsel with the said N. H. Phillips in the suit of Keels v. Keels, take nothing upon their suit herein to subject the land above described to the liens claimed by them against the same."

From so much of the judgment so rendered against Mrs. Keels she has appealed, and from that part of the judgment denying a foreclosure of a lien for Madden & Denny, Madden & Denny have appealed.

■ The first contention of Mrs. Adella Keels for a reversal of the judgment against her is that if the deed of trust pleaded by the plaintiffs was in fact executed by her, not induced by fraud, it was nevertheless void, in that at the time it was executed she was a widow, the head of a family consisting of herself and her minor children and unmarried daughters, and that as at such time the property covered by the deed of trust was the homestead of such family it was and is void and unenforceable, and that the court erred in holding to the contrary.

Such contention is overruled. It is well settled that a divorced woman, a feme sole, even though the mother of minor children and unmarried daughters who live with her, may mortgage her homestead, her separate property and estate, to secure her debts, even though not made for purposes enumerated in the Constitution authorizing the fixing of liens upon homesteads. Allen v. Farm & Home Savings & Loan Association (Tex. Civ. App.) 58 S.W.(2d) 866, 867; Grothaus v. DeLopez, 57 Tex. 670; Lynch v. Bank (Tex. Civ. App.) 50 S.W.(2d) 418; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Savings & Loan Co. v. Bristoll, 62 Tex. Civ. App. 387, 131 S. W. 641; and other authorities cited in cases cited by us.

In the first case cited, wherein several authorities are cited, it is said: "Since the decisions above cited, all by the Supreme Court of Texas, the right of a feme sole, although the head of a family, to execute a voluntary mortgage on a homestead, is no longer an open question. The cases have been followed and approved and we can add nothing to the sound argument and clear expression of the

principles of law as stated by the several opinions of our Supreme Court."

Mrs. Keels' contention that the signing and execution of the deed of trust by her was obtained by false representations and concealments made to and concealed from her by her former attorney, N. H. Phillips, if true, as found by the jury, can avail her nothing as the property in controversy was, prior to the execution of the deed of trust, already encumbered by a valid subsisting lien fixed by the agreed decree rendered in cause No. 4834, Mrs. Adella Keels v. J. C. Keels, above mentioned; hence the execution and delivery of the deed of trust, though induced by fraud, was damnum absque injuria as the plaintiffs were entitled to a recovery under their pleadings upon their prior judgment lien, independent of the deed of trust.

As already shown, the agreed judgment in cause No. 4834, Mrs. Adella Keels v. J. C. Keels, provides an attorney's fee of $500 for N. H. Phillips, in which J. W. Madden and S. A. Denny were interested as attorneys of record and as shown by admission of said Phillips in plaintiff's original petition, secured by lien on interest in property awarded to Mrs. Adella Keels. This judgment was rendered at the February term, 1930, and no appeal was prosecuted therefrom; and there is no suggestion in the record that the same was ever vacated, modified, or in any. manner attacked or repudiated. This indebtedness and lien was declared upon in plaintiff's original petition in this suit.

In the judgment rendered in the present case the court expressly finds that all the plaintiffs, except J. W. Madden and S. A. Denny, had a valid and subsisting judgment lien against the undivided interest of Mrs. Keels in the property in controversy by virtue of the judgment rendered in cause No. 4834, and upon such finding decreed a foreclosure of such lien in the present suit.

The execution and delivery by Mrs. Keels of the two notes sued upon amounts to nothing more than a renewal of and extension of time of payment of the original debt created and fixed by the judgment rendered in cause No. 4834, which concededly has not been paid nor barred by limitation, and is still a valid subsisting debt against Mrs. Keels. The rule that so long as a debt secured by a valid lien is kept alive the lien continues in force is too well settled to require citation of authorities in its support.

When a lien on property is once created by express agreement, such property is not to be disencumbered save by a discharge of the debt secured thereby.

Mrs. Keels also insists that the court erred in overruling her plea of nonjoinder of the children of herself and her former husband, J. C. Keels, in the suit, in that such children owned an interest in the property in controversy, it constituting their homestead.

We overrule such contention. Spencer v. Schell, 107 Tex. 44, 173 S. W. 867, and cases therein cited. In the case cited Judge Phillips, speaking for our Supreme Court, said: "Proof was offered by Mrs. Spencer that the property was the homestead of herself and her minor children at the time of the creation of the lien, but the court refused to hear it. This was a proper ruling, since, under our laws, there can be no doubt of the full power of a surviving husband or wife to mortgage the homestead owned as his or her separate estate, or the community homestead to secure a community debt, although it constitutes, at the time, the home of other constituents of the family."

It is shown by appellant's bill of exception No. 3, accepted and filed by her, that the cause came to trial on the 11th day of October, 1932; that the court disposed of all dilatory pleas of the parties on said date; and that all parties answered ready for trial. Whereupon the plaintiffs by their attorney, N. H. Phillips, asked the court's permission to file their petition found in the record styled "Plaintiffs' Supplemental Petition," which they desired to file in answer to defendant's original answer; that it was agreed between counsel for defendant and the plaintiffs that the plaintiffs might thereafter file their said supplemental petition and that the same should reply generally and demur generally to defendant's answer; that same. should contain a general denial of the defendant's answer; that a general replication to the answer of defendant would be made, and that an explanation would be made as to the signing of the notes sued on and the contract of employment which resulted in the signing of the notes sued on, and that it should contain a general exception to paragraph 3 of defendant's original answer, in that said paragraph was an attempt by the defendant to graft a parol agreement on a written agreement and that the said petition would be only an answer to defendant's original answer.

The bill further shows that, in pursuance of said agreement, the cause proceeded to trial

and that after all parties had closed the introduction of evidence and after the jury had returned its verdict, the court took the case under advisement until the 19th day of October, 1932. In the time between the submission of the case to the jury and the acceptance of its verdict by the court, the petition which counsel had agreed might be filed later was reduced to writing and filed on said 19th day of October, and thereafter and on the same day the court rendered its judgment.

The trial court approved the bill by qualifying the same substantially as follows: "The above and foregoing Bill of Exception was presented to me, examined, found correct, and signed and approved and ordered filed as a part of the record in this cause with the following modifications: The court upon presentation of this petition complained of herein says that he advised the attorney for the defendant that if he objected to the filing of the same that he would at that time declare a mistrial of the case as error; this counsel for defendant did not desire, and with this modification the same is this, the 5th day of December, A. D. 1932, signed and ordered filed as a part of the record in this cause. S. W. Dean, Judge, 12th Judicial District of Texas."

Appellant in this court insists that the trial court committed reversible error in permitting the supplemental and amended petition to be filed at the time it was filed, in that such plea brought into the case issues that had not been raised and which should have been submitted by plaintiffs to the jury for their determination.

In view of the agreement shown by the recitals in the bill of exception, appellant is estopped to complain of the filing of the petition, which her counsel had agreed might be filed; and in view of the further fact that such counsel informed the court that he did not desire to take advantage of the proffered declaration of a mistrial by the court because of the filing of said petition, appellant is in no position to complain of the filing of the petition. So concluding, appellant's contention is overruled.

We sustain the contention of appellants J. W. Madden and S. A. Denny that the court erred in refusing to award to them a foreclosure of their alleged lien on the property in controversy.

Having reached the conclusions above pointed out and expressed, the judgment is here so reformed as to award to J. W. Madden and S. A. Denny the foreclosure of the lien prayed for in their behalf, as well as for the other plaintiffs, and as reformed is affirmed.

Reformed and affirmed.