JESSE A. LEAPTROT, plaintiff in error, *vs.* E. A. ROBERT-
SON, administratrix, defendant in error.

1. When an executor or administrator is a party in any suit on a contract
of his testator, or intestate, the *other party* shall not be admitted to
testify in his own favor.
2. When the evidence is conflicting, and there is sufficient evidence to
sustain the verdict, and there is no material error in the charge of the
Court which might have probably produced a different result, a new
trial will not be granted.
3. As a matter of practice, where a legal, pertinent charge is requested
of the Court, in writing, the Court should give it to the jury in the
language of the request and not hold up the paper containing the re-
quest, after the same has been read by counsel in the hearing of the
Court and jury, and say, "Gentlemen, I give you all this in charge as
requested."

Party as witness. New trial. Before Judge ROBINSON.
Washington Superior Court. December, 1870.

This cause was tried below three times, and each time the
plaintiff obtained a judgment against the defendant. The
first verdict was for $4,716 96, the second for $4,913 50,
and the last for $4,225 61. It was trover for twenty-one
bales of cotton brought by George W. Robertson, survivor
of G. W. & B. F. Robertson, against Leaptrot. A new trial
was granted by this Court at June Term, 1868. See Leap-
trot *vs.* Robertson, 37th Georgia Reports, 586. Before the
last trial George W. died and Mrs. Robertson, his adminis-
tratrix, became the plaintiff.

Plaintiff's counsel read in evidence a receipt showing that
in 1863 said firm bought twenty-one bales of cotton from
Leaptrot, and paid him therefor and took his obligation to
keep said cotton for said firm till called for, and then deliver
it at a designated place ; proved a demand and refusal to de-
liver and the value of the cotton and closed.

The defense was that the cotton was burned by Sherman's
army in the fall of 1864, before the demand, and defendant
showed that his gin-house was so burned, and offered evi-

dence to show that said cotton was then and there burned. Several of his witnesses were negroes.

In rebuttal, plaintiff's counsel introduced evidence to show that said cotton was not so burned. The main evidence on this point were admissions by Leaptrot that said cotton was saved from said fire, which admissions four or five witnesses testified that Leaptrot made to them soon after Sherman's forces burned said gin-house. It was stated by each of these witnesses that neither of said Robertson's was present when any one of said admissions were made. Defendant's counsel then offered to introduce defendant to testify only as to those admissions, and to give his version of the said pretended admissions and his explanation of them. The Court refused to allow defendant to testify thereto because the Robertson's were both dead.

Each side gave the Court written requests to charge the jury. What they were does not appear. He charged the jury, but what he said does not appear. Certain portions of what he charged purport to be in the motion for a new trial. The jury found for plaintiff. Defendant's counsel moved for a new trial upon the following grounds:

1st. Because the verdict is strongly and decidedly against the weight of the evidence.

2d. It is contrary to the following charges of the Court: 1. The preponderance of testimony, when the jury is satisfied it is credible, should control them in civil causes; and unless the negroes sworn were shown to be unworthy of credit by some mode pointed out by law, their testimony is to be received and acted upon as any other testimony in the case. 2. The jury must be satisfied from all the evidence that the cotton burnt was not the cotton sued for. 3. If the jury believe the burnt cotton was that sued for, they should find for defendant, even though defendant believed otherwise and said so.

3d. Because after giving said last charge as requested, the Court, when near the close of his charge, said, "If the ad-

missions of Leaptrot were deliberately made he was bound by them," and failed to qualify this as in said last charge.

4th. This is the first ground in different shape.

5th. Because the Court would not allow Leaptrot to testify as proposed.

6th. Because the jury disregarded the charge as to the value of admissions and verbal declarations hastily and inadvertently made, and put their verdict wholly on said admissions.

This motion was made in duplicate, one was filed and the other was sent to the Judge, who had gone home. So far as can be gathered from the record, the Judge charged as represented in the second clause of the second ground for a new trial, and he *seems* to deny not qualifying the charge set out in the third ground for new trial, as defendant's counsel complains that he did not. He refused a new trial. The bill of exceptions alleges error in all of said particulars. It further alleges as error, that when defendant's counsel read to the Court *seven* requests and asking him to give them in charge to the jury, the Court, without reading them to the jury, held up the paper and said : "Gentlemen, I give you all these in charge, as requested," and passed on to his general charge. He certified to the bill of exceptions as true without a word of comment. But in his written reasons for refusing a new trial, he said: "I know that I gave every request of defendant's counsel in the language requested, except the *eighth,* and may have added, that a man running on or talking at random should not be bound by sayings thus made," and closed with further remarks as to the eighth request.

JOSEPH S. HOOK and R. W. CARSWELL, for plaintiff in error.

A. R. WRIGHT, for defendant.

WARNER, Judge.

This was an action brought by the plaintiff, as administratrix, against the defendant, to recover the value of twenty-one bales of cotton, alleged to have been converted by him to his own use. On the trial of the case, the jury found a verdict for the plaintiff for the proven value of the cotton. The defendant made a motion for a new trial on several grounds, which was overruled by the Court, and the defendant excepted. The defendant was offered as a witness to rebut and explain his declarations made to certain witnesses who were examined on the trial in regard to the loss of the cotton, but not as to any facts touching the contract for the sale of the cotton made between himself and the intestate. The rejection of the defendant as a witness by the Court, to prove the facts for which he was offered, is assigned as error.

1. This was a suit by the administratrix to recover the value of the cotton on a contract made by her intestate with the defendant, and it was under that contract that she derived her title to the cotton. Where an executor or administrator is a party in any suit on a contract of his testator or intestate, *the other party* shall not be admitted to testify *in his own favor:* Code, 3798. The defendant was offered as a witness to testify in his own favor, in a suit in which the plaintiff, as administratrix, was a party, seeking to recover the value of the cotton on a contract made with her intestate, and the statute excludes him in general terms, in all such cases, from being a witness in his own favor for any purpose. If the defendant could be admitted to testify in his own favor for the purpose, as claimed, why not be allowed to testify in his own favor for other purposes, and thus practically repeal the statute? Where shall the Courts stop in admitting the defendant to testify in his own favor in such cases? The obvious reply is, to stop just where the statute commands them to stop. This question was practically decided in the case of *McIntyre vs. Meldrim,* 40th Georgia Reports, 490. There was no er-

ror in rejecting the defendant as a witness to testify in his own favor against the plaintiff on the trial of this case.

2. The record discloses the fact that this is the third verdict found in favor of the plaintiff in this case, and we find no errors contained therein that will authorize this Court to set it aside under the evidence, which is quite sufficient to sustain the finding of the jury. The charge of the Court in relation to the admissions of the defendant, when considered as an entire charge, was not such an error as was calculated to mislead the jury, in view of the facts of the case.

3. As a matter of practice, when the counsel for either party reads written requests to charge in the presence and hearing of the jury, the Court should either give or refuse to give such requests in charge. If the request is a legal and pertinent charge which ought to be given to the jury, then the Court should give it in the language of the request, by reading the same to the jury, and not hold up the paper containing the requests to charge, after the same had been read and handed to the Court, and say: "Gentlemen, I give you all these in charge as requested."

The preponderance of the evidence in this case was in favor of the verdict, and we cannot say that it was not right under that evidence. The jury were the proper judges as to the credibility of the witnesses, and the weight to which their testimony was entitled in considering it. The losing party is rarely, if ever, satisfied with the decision of either a Court or jury, when that decision is against him; but the public interest requires that there should be an end of litigation. In view of the facts disclosed by the record in this case, we do not find any sufficient error to authorize this Court to interfere with the verdict, or to control the discretion of the Court below in overruling the motion for a new trial.

Let the judgment of the Court below be affirmed.