A. B. GARNER v. J. S. CLEVELAND, ADM'R, ETC.

1. Article 3729, Paschal's Digest, which regulates the transmission of depositions by mail, is a directory statute; and when there is nothing to raise a presumption of fraud, a substantial compliance with its directions is all that is required.

2. An administrator sued a distributee of the estate for money alleged to be assets, and in the defendant's possession. Another distributee testified, in behalf of the plaintiff, to admissions by the defendant of his possession of the money; and thereupon the defendant, testifying in his own behalf, proposed to deny that he made the admissions, but was not allowed to do so, because they related to a transaction with the intestate, and were not competent under the second section of the act of May 19, 1871. *Held*, that the exclusion of the testimony was erroneous.

APPEAL from Polk. Tried below before the Hon. H. C. Pedigo.

The facts are indicated in the opinion of the court.

*A. B. Garner*, appellant, for himself.

No brief for the appellee.

WALKER, J.—This action was instituted in the District Court of Polk county, by John S. Cleveland, as the administrator, with the will annexed, of Arthur P. Garner, deceased, against the appellant, Arthur B. Garner, son of the deceased. The petition alleges that the deceased in his lifetime made a special deposit of six thousand dollars, in gold, with the appellant; which deposit the appellant had refused and neglected to pay over to the appellee, and that the same was subject to administration, and rightfully belonged to him for that purpose. The petition also seeks to subject the appellant's interests in his father's estate to the payment of the judgment or decree of the court. To this petition the appellant plead generally and specially. On the trial of the cause, the jury found their verdict for the plaintiff in the sum of four thousand eight hundred and fifteen dollars in gold. On the trial, various bills of exceptions were presented and signed by the court. The assignment of errors is as follows:

1. The court erred in overruling defendant's exceptions to the reading in evidence the depositions of Thomas McLanahan (a witness for plaintiff).

2. The court erred in sustaining plaintiff's objection to the question asked by defendant's counsel, of the defendant A. B. Garner, to-wit: "If he, at any time during the years 1866 or 1867, had any conversation with the witness William H. Garner, in relation to money in a belt around his (defendant's) person? If so, to state where it was, what was said and done at

the time between you (said defendant A. B. Garner) and the witness, William H. Garner.''

3. The court erred in sustaining plaintiff's exception to testimony of G. R. Peters, a witness for defendant, in this: witness having stated that A. P. Garner, the testator, had asked Mrs. M. V. Shotwell, who was counting his money in a chair (it being the money for which suit was brought), if the money was right, de-fendant's counsel asked witness what was the answer made by her, which was objected to by plaintiff's coun-sel and sustained by the court.

4. The court erred in refusing a new trial for the reasons set forth in the motion therefor.

As to the first assignment for error, we are unable to determine from the record what kind of seal was used by the officer before whom Thomas McLanahan's depo-sition was taken. It does not appear that it was not the seal in use by the District Court of Liberty county, nor does it appear that it was not the private seal of the officer. The statute (Art. 1411, Pas. Dig.) fixes no time in which the district courts or county courts are to pro-vide themselves with a proper seal, but allows the old seals in use, or private seals, to be used until the proper seal has been furnished.

Article 3729, Paschal's Digest, which points out the mode in which depositions may be transmitted by mail to the clerk of the court in which they are to be used, is a directory statute, and, as this court has repeatedly decided, a substantial compliance with the directions of the statute is all that is required where there is nothing to raise a presumption of fraud.

The second assignment for error is one which leads us to a close examination of the act of May 19, 1871, page 108, General Laws. W. H. Garner, a witness for the plaintiff, having testified to a certain conversation with.

the appellant, giving time, place and circumstances, the appellant went upon the stand with a view, no doubt, to impeach the evidence of that witness, and the foundation having been properly laid, from the very nature of the evidence there could be no objection to the witness on this ground. The only question as to the admissibility of this evidence arises under the second section of the act referred to. The evidence of the appellant might have had some relation to the transaction with his father, the testator. But in the opinion of the court the relation was too remote to disqualify the witness; his direct object was legitimate under the rules of evidence, and though it might have, to some extent, taken away the plaintiff's proof, and thus have affected the main issue in the case, we are of opinion the evidence should have been admitted, and especially in view of the fact that William H. Garner was himself an interested witness.

In the third assignment for error, we find no fault with the ruling of the court below. The answer of Mrs. Shotwell, to her father, was not evidence to be detailed by another witness. She herself might have been asked any proper and relevant question as to her counting her father's money, when, and where, and what was the condition of the money at the time she so counted it. She seems to have been a witness on the stand, and, to our minds, there is no reason suggests itself why she was not interrogated as to the transaction to which Peters's testimony relates. It may not be improper to take some further notice of the first assignment for error. In the case of Hughes v. Prewitt, 5 Texas, 264, it was decided by this court that a deputy clerk was not an officer authorized by law to take depositions; but the Legislature did confer the authority by act of ninth of February, 1856. (Pas. Dig., Art. 496.)

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.