Warner, Chief Justice.
1. This was an action brought by the plaintiff against the defendant, as administrator of Hall, and as the security of said Hall, the intestate, on a promissory note for $200 00, payable to the plaintiff, dated 29th August, 1861, and due one day after date. Th.e defendant filed a plea alleging, under oath, that the note was executed by his intestate for the illegal purpose of aiding and encouraging the rebellion, as provided by the 2d paragraph of the 17th section of the V. Article of the Constitution of 1868. On the trial of the case, the plaintiff was sworn and offered as a witness in his own favor, for the purpose of proving that if it was the intention of Hall, the defendant’s intestate, to use the money for which the note was given in aid of the rebellion, that fact was not known to him. The defendant objected to the plaintiffs being sworn as a witness, on the ground that Hall, the other party to the contract, was dead, and that the suit thereon was against him as administrator of his intestate. The Court overruled the objection, and the defendant excepted. The 3798 section of *112 the Code, which provides that parties to the suit may be witnesses in their own behalf, makes the following exceptions: “Where one of the original parties to the contract or cause of action in issue or on trial, is dead, or where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor.” ■ Hall, one of the *original parties to the contract sued on, is dead, and his administrator is a party to the suit on that contract of his intestate, and the statute declares, in express terms, in such cases, that the other party to the contract shall not be admitted to testify in his own favor, and such has been the construction given to the statute by this Court: Leaptrot vs. Robinson, 44 Georgia Reports, 46. The fact that the defendant, who is sued as administrator of the intestate, signed the note as security for the intestate, and is sued as such in the same action with the administrator of the intestate, does not alter or change the rule. It was said, on the argument, that to exclude the plaintiff from testifying- in his own favor in this class of cases, under the provisions of the Constitution of 1868, where the defendant makes oath to his plea, and thereby devolves the burden of proof on the plaintiff, will operate as a great-hardship on him; that may be so, but it is not the business or duty of the Courts to make the law; their duty is to administer and enforce it as it exists. The statute does not make this particular class of cases an exception to its operation when one of the parties to the suit is dead, and the Courts cannot do so. When a statute speaks in plain, unambiguous language, it speaks like a tyrant, to be obeyed by Courts and people. In our judgment, the Court below erred in admitting the plaintiff to testify in his own favor in this case.
2. The defendant then proposed to prove by himself, as a witness in his own behalf, and by John W. Park, Esq., who was also present, that in the fall of 1862, he tendered to the plaintiff the money due on the note, (the record does not state what kind of money,) and that plaintiff declined to receive it, defendant stating to the plaintiff, at the same time, that he knew the money was borrowed to enable Colonel Hall to buy a horse and military equipments for the service of the Confederate States; that the horse and Hall were both killed defending plaintiff and witness’ property, etc., and he thought plaintiff pught to take the money. Plaintiff never denied the purpose for which the money was borrowed, but stated that he did not then need the money; that defendant could *keep it until the war was over, without interest, etc. This evidence was ruled out by the Court, and the defendant excepted. In our judgment, that portion of the evidence which charged the plaintiff with a knowledge of the purpose for which the money was borrowed of him by Hall, and not denied by him at the time, was competent evidence to have been submitted to the jury: Code, 37,37.
3. The plaintiff was entitled to have the whole of the conversation that took place between the parties at the time given in evi *113 dence, so that the jury might judge of its weight and effect. The evidence was competent for what it was worth in the estimation of the jury, and it was error in the Court in ruling it out.
4. The other testimony of Dixon, the defendant, which was ruled out, as specified in the record, was competent, so far as he proposed to state facts within his own knowledge pertinent to the issue on trial, but not as to facts derived from Hall, his intestate, or as to what he told him. If the previous evidence of the defendant and Park had been admitted, as, in our judgment, it ought to have been, then this latter evidence of Dixon would have been admissible for the consideration of the jury, in connection with that other evidence as to the knowledge of the plaintiff as to the purpose for which the money was borrowed. We express no opinion as to the weight or effect this evidence should have with the jury. All that we decide is, that it was competent evidence to have been submitted to them. If the evidence improperly ruled out had been admitted, then we should have held that the charge of the Court to the jury was error, but if that evidence had been properly ruled out, we should not have reversed the judgment for error in the charge of the Court, on the statement of facts then before the jury when the charge was given.
Ret the judgment of the Court below be reversed.