Eloise Spencer et al. v. Bessie Schell.

No. 2387.   Decided February 24, 1915.

**1.—Homestead—Mortgage—Surviving Wife.**

The surviving wife may mortgage the homestead owned as her separate property though it constitutes at the time the home of other constituents of the family. They having no interest in the property, no question as to the right of partition under art. 16, sec. 52, of the Constitution, arises. Harle v. Richards, 78 Texas, 80, questioned and distinguished. (P. 46.)

**2.—Evidence—Transaction with Decedent.**

In a suit by the surviving wife, sole heir of decedent, to foreclose a mortgage given to him, the testimony of a defendant to payment to decedent of the notes secured was inadmissible (Rev. Stats., art. 3690). Though plaintiff's action was partly in her own right as owner of her community interest, in which capacity the evidence would be admissible against her, and partly in her right as heir, in which case it was not admissible, these interests being joined in the same person and constituting an indivisible cause of action, it was impossible to limit the effect of the testimony to her right as survivor of the community only. (Pp. 46-49.)

**3.—Same.**

The test of the application of the statute (Rev. Stats., art. 3690), is not alone the capacity of the parties, but also the effect of the judgment; and if this be operative against a party as heir, though not exclusively as such, the statute applies. Blair v. Breeding, 57 Texas Civ. App., 147, distinguished. (Pp. 47-49.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Schell sued Spencer and others for foreclosure and recovered. The judgment was affirmed on defendant's appeal, whereupon the plaintiff obtained writ of error.

*W. P. Linthicum* and *Allen & Allen*, for plaintiffs in error.—A mortgage executed by a widow upon a house and lot owned and occupied at the time by herself and her minor children as her homestead, dedicated by her as the head of her family as such homestead after the death of her husband, is void under section 50, article 16, of our Constitution.

If a valid mortgage be given by a widow on a resident homestead, such mortgage can only be foreclosed and the property sold, subject to the right of the widow and minor children to occupy it as a home. Harle v. Richards, 78 Texas, 80, 83.

Article 2302, R. C. S., does not apply to a surviving widow as to her one-half interest in the community property. Blair v. Breeding, 57 Texas Civ. App., 147.

*Cockrell, Gray & Thomas* and *R. Delbert Jones*, for defendant in error.—The law relative to the mortgaging of her homestead by a widow seems so well settled in this State that we do not deem it necessary to burden the court with a discussion of the authorities.

Article 2302, R. C. S., does apply to a surviving widow when suing as heir and survivor of the community estate. Art. 2302, Rev. Civ. Stats.; Gurley v. Clarkson, 30 S. W., 360; Harrell v. Houston, 66 Texas, 278; Hedges v. Williams, 26 Texas Civ. App., 551.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

Eloise Spencer gave to Wallace Schell, the husband of defendant in error, certain notes, executed also by Edwin Spencer, her son, and, for their security, a deed of trust lien upon certain real estate. Schell died intestate and without children. The notes being community property, Bessie Schell brought the suit, as his heir and as community survivor,—not, however, as a qualified community administratrix—to recover upon them and for foreclosure of the lien. It was pleaded in defense, among other things, (1) that the notes had been paid to Schell; and (2) that the lien was void because at the time of its creation the real estate constituted the homestead of Mrs. Spencer and her minor children.

The notes and deed of trust were executed by Mrs. Spencer as a femme sole. The property was dedicated by her as a homestead after the death of her husband. The testimony is that she bought and paid for it, and so far as the record discloses her children had no interest in it.

Proof was offered by Mrs. Spencer that.the property was the homestead of herself and her minor children at the time of the creation of the lien, but the court refused to hear it.   This was a proper ruling, since under our laws there can be no doubt of the full power of a surviving husband or wife to mortgage the homestead owned as his or her separate estate, or the community homestead to secure a community debt, although it constitutes, at the time, the home of other constituents of the family.   Smith v. Van Hutton, 75 Texas, 625, 13 S. W., 16; Watts v. Miller, 76 Texas, 13, 13 S. W., 16; Moore v. Poole, 25 S. W., 802; Lee v. British & Am. Mortgage Co., 25 Texas Civ. App., 481, 61 S. W., 134; Echols v. Jacobs Mercantile Co., 38 Texas Civ. App., 65, 84 S. W., 1082; McGee v. Tinner, 129 S. W., 866.

As the mortgage was valid, the property was subject to sale; and the plaintiff's right to a foreclosure and possession was not subordinate to any right of occupancy of the property in Mrs. Spencer.   Lee v. Mortgage Co., supra.   In Harle v. Richards, 78 Texas, 80, 14 S. W., 257, a widow having minor children gave a mortgage upon the community homestead, whether to secure a community debt or her separate debt does not appear from the opinion.   It was there held by the Commission of Appeals, apparently with the approval of this court, that while the mortgage was valid, and entitled to foreclosure, it was subject to the right of the widow and the minor children to occupy the property as a home; it being stated that "the property was not subject to partition during its occupancy by either the widow or minor children."   Lacy v. Rollins, 74 Texas, 566, 12 S. W., 314, and Smith v. Van Hutton, supra, are cited in the opinion in support of the ruling, but neither of those cases announces such a rule as applicable to a like condition, or even discusses that question.   The correctness of that holding may be seriously questioned, for.if the lien was valid, what warrant is there in the law for denying its owner the ordinary incidents of a foreclosure?   The provision against partition of the homestead during the lifetime of the surviving husband or wife so long as the survivor or the guardian of minor children, under the order of the probate court, may elect to so use it, embodied in section 52 of article 16 of the Constitution, which was evidently in the mind of the writer of that opinion, was not intended as a regulation of the rights of creditors; it relates to the rights of heirs and the surviving husband or wife, as between themselves, to the homestead property.   Ford v. Sims, 93 Texas, 586, 57 S. W., 20.

But no question of partition arises here, for the children of Mrs. Spencer are not shown to have had any interest in the property.   She could have passed the title and possession under a sale of it.   The lien created by her being valid, the judgment of foreclosure and a sale should be given the same effect.   Watts v. Miller, supra; Savings & L. Co. v. Bristoll, 131 S. W., 641.

In the course of the trial the defendants offered the testimony of the defendant Edwin C. Spencer to establish the payment of certain sums upon the notes to the decedent, Wallace Schell, to which objection was sustained upon the ground that it was within the inhibition of article

3690, which forbids the testimony of a party as to any transaction with the decedent in actions by executors, administrators, heirs or legal representatives in which judgment may be rendered for or against them as such, unless called for by the opposite party. This action of the trial court is made the subject of a further assignment of error.

As has been noted, Mrs. Schell was the plaintiff in the suit in a dual capacity, that is, as the heir of her husband and in her own right as community survivor.

As a party plaintiff in her own right the testimony was admissible against her. As against her in the capacity of the heir of her husband, it was inadmissible under the statute. If the suit were one for the recovery of distinct and severable interests, so that the testimony could be limited and applied to the interest against which it was properly admissible, as, for illustration, where one sues in his own right and is joined by heirs, each seeking the recovery of a separate interest, the question would not be one of difficulty. The rule announced in Harris v. Warlick, 42 S. W., 356; Field v. Field, 39 Texas Civ. App., 1, 87 S. W., 726; Evans v. Scott, 97 S. W., 116, and cases of like character, would then apply. But here the interests upon which the recovery is sought are not severable. They are joined in the same person, and the right to their enforcement constitutes an indivisible cause of action. It would be impossible, for instance, as a practical proposition to limit the effect of this testimony simply to the interest in these notes of Mrs. Schell as the community survivor. It was not proposed to be shown by the proffered testimony that the payments to which it related were made to Wallace Schell otherwise than upon the notes generally. There could be, accordingly, no warrant for applying them solely to either Mrs. Schell's community interest or her inherited interest. From its nature, the testimony would necessarily affect both interests, and its effect is incapable of limitation.

The correct solution of the question is not unattended with difficulty, for there is apparent force in the contention that with the suit being prosecuted by the plaintiff equally in her individual capacity, its character as an action for the enforcement of rights held in her representative capacity should not operate to bring it within the statute. It seems to us, however, that only by a plain contravention of the statute can the testimony under the conditions present in this case be held competent.

The test furnished by its provisions embraces not alone the capacity of the parties, but equally the effect of the judgment of which the suit admits. If the suit be one by or against an heir in which *"judgment may be rendered for or against him* as such," the statute applies. In determining the scope of its operation it is evident from its language that no account is to be taken that the judgment may operate for or against the heir in some other capacity. That the judgment may so operate, is not by statute recognized as the test of its application. But what it constitutes as the test and inquiry is: May such a judgment be rendered as will operate for or against him in the capacity of an heir? If so, unless called by him, the adverse party is rendered an incompetent

witness as to transactions with or statements by the decedent. The clause in the statute, "in which judgment may be rendered for or against them as such," means this, or it means nothing. To hold the adverse party a competent witness as to such testimony in a suit like the present one would necessitate that the statute be construed as operative in actions by or against heirs only where judgment might be rendered for or against them *exclusively* as such, the effect of which would be to engraft an additional provision upon it.

In determining the effect of a statute the decisions of other jurisdictions upon statutes not similar in terms though of the same general nature, are rarely helpful. The question presented has not been heretofore determined by this court. It does not appear to have been passed upon by any of the Courts of Civil Appeals, except the court for the Fifth District in this case. Nor have we been able to find any adjudication of it elsewhere, except in two cases, Taylor v. Mayhew, 11 Heisk. (Tenn.), 596, and Dixon v. Edwards, 48 Ga., 142. In the former, Mayhew, being the administrator of Conn's estate, brought suit in his own right and as such administrator upon a bond in which he and Conn were co-obligees. He was held incompetent to testify to any transaction with or statement by Conn, the decedent, in the following language:

"Mayhew was plaintiff in his own right, being one of the obligees in the bond, as well as the administrator of Conn, the other obligee, and brought the suit for himself and as administrator. The obligation was to pay him and Conn the sum of three hundred dollars, and the action having been brought in his own right, and as administrator, judgment might have been rendered for or against him as administrator of Conn, and under the modification of the statute removing incompetency to become a witness by reason of being a party to the suit, or interested in the result of it, we are of opinion that Mayhew was incompetent to testify as to any transaction with or statement by intestate. Tenn. Stats., sec. 3813a."

In the latter case Dixon was sued as administrator of the estate of Hall, and individually upon a note executed by Hall and himself as surety. A statute of the State of Georgia provided:

"Where one of the original parties to the contract or cause of action in issue or on trial, is dead, or where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor."

The plaintiff proposed to testify in the case respecting the defense interposed by Hall and was permitted to do so over Hall's objection. In passing upon the admission of his testimony the court said:

"Hall, one of the original parties to the contract sued on, is dead, and his administrator is a party to the suit on that contract of his intestate, and the statute declares, in express terms, in such cases, that the other party to the contract shall not be admitted to testify in his own favor, and such has been the construction given to the statute by this court. Leaptrot v. Robinson, 44 Ga. Rep., 46. The fact that the

defendant, who is sued as administrator of the intestate, signed the note as security for the intestate, and is sued as such in the same action with the administrator of the intestate, does not alter or change the rule. It was said, on the argument, that to exclude the plaintiff from testifying in his own favor in this class of cases, under the provisions of the Constitution of 1868, where the defendant makes oath to his plea, and thereby devolves the burden of proof on the plaintiff, will operate as a great hardship on him; that may be so, but it is not the business or duty of the courts to make the law; their duty is to administer and enforce it as it exists. The statute does not make this particular class of cases an exception to its operation when one of the parties to the suit is dead, and the courts can not do so."

The case of Blair v. Breeding, 57 Texas Civ. App., 147, 121 S. W., 869, by the Court of Civil Appeals for the First District, relied upon by the plaintiff in error, is to be plainly distinguished. The suit of Mrs. Breeding was solely in her own right.

Upon a careful consideration of the question we are of the view that the learned trial judge and the Court of Civil Appeals, each, correctly ruled the testimony to be incompetent.

The judgments of the District Court and of the Court of Civil Appeals are accordingly affirmed.

*Affirmed.*