**ARMSTRONG et ux. v. MARSHALL.**
No. 8974.

Court of Civil Appeals of Texas. Austin.
Nov. 27, 1940.

Rehearing Denied Dec. 31, 1940.

W. C. Huffaker, Jr., of Tahoka, and Nelson & Brown and Geo. W. McCleskey, all of Lubbock, for appellants.

Bauknight & Mann and J. Byron Brown, all of Austin, for appellee.

McCLENDON, Chief Justice.

Bill Armstrong and wife sued Bob L. Marshall for damages caused by the alleged wrongful killing of their son Walter Armstrong. They sued both as parents and as sole heirs at law of deceased. The damages claimed were: $8,000, loss of financial support; $5,000, mental and physical pain suffered by deceased prior to his death; and $343, burial expenses, itemized as funeral ($198), cemetery lot ($90), and tombstone ($55). Marshall plead self-defense. The judgment, upon a special issue verdict, was in favor of Marshall, and Mr. and Mrs. Armstrong have appealed.

Appellants' brief contains seven assignments of error, which, however, present but two grounds for reversal:

1. Asserted incompetence of Marshall under R.C.S. Art. 3716 to testify in his own defense to conversations and transactions with deceased prior to and at the time of the killing.

2. Asserted insufficiency of the plea of self-defense to authorize (a) evidence, (b) submission of issues, and (c) judgment thereon.

As to the first ground it suffices to say that if the statute is applicable the admitted testimony clearly came within its inhibitions.

In so far as the suit was for loss of future contribution to appellants' support, the statute has no application, and appellee's testimony was admissible. Wallace v. Stevens, 74 Tex. 559, 12 S.W. 283.

In so far as the suit was for damages accruing to the estate of deceased, the language of the statute clearly applies, and the testimony was inadmissible.

The question then arises whether, being inadmissible as to the latter branch of the suit it should have been excluded altogether. This question depends upon the severability vel non of appellants' action as parents for prospective contribution to their support, on the one hand, from their action as heirs for damages recoverable by deceased's estate, on the other.

There are many reported cases dealing with severability as applied to this statute; and efforts to reconcile them have not met so far with general satisfaction. The leading case upon the subject is Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, holding nonseverable an action upon a promissory note by the surviving wife in the dual capacity of owner in her own community right of a half undivided interest in the note, and as owner of the other half interest as heir of her husband. The opinion cites with apparent approval and distinguishes the cases of Harris v. Warlick, Tex.Civ.App., 42 S.W. 356; Field v. Field, 39 Tex.Civ.App. 1, 87 S.W. 726, and Evans v. Scott, Tex.Civ.App., 97 S.W. 116.

In King v. Morris, Tex.Com.App., 1 S.W. 2d 605, the suit was by the surviving wife and daughter to recover sums illegally paid as usurious interest on a promissory note which was community property of deceased and his surviving wife. It was held that the interest of the surviving wife was severable from that of the daughter and that the statute did not apply to the former but did to the latter. The opinion was delivered by Judge Critz upon rehearing, in which a former contrary holding of Judge Nichels (Tex.Com.App., 298 S.W. 412) was overruled. Judge Critz quotes at length from Chief Justice Phillips' opinion in Spencer v. Schell, and distinguishes the two cases apparently on the ground that the entire property (the note) passed to Mrs. Schell as surviving wife and as heir. Stress is laid upon that portion of Judge Phillips' opinion to the effect that if the suit were for recovery of [107 Tex. 44, 173 S.W. 868] "distinct and severable interests," the testimony would be admissible as to one interest and not as to the other. The decision in King v. Morris has never been questioned, so far as we have been able to find. It was expressly followed in Theophilakos v. Costello, Tex.Civ.App., 54 S.W.2d 203, a closely analogous case (opinion by Judge Alexander of the Waco Court).

Jones-O'Brien, Inc., v. Loyd, Tex.Civ. App., 125 S.W.2d 684, presented another analogous case to that of King v. Morris; the only distinguishable difference being that the surviving wife brought the suit in her own behalf and as guardian of her minor children. The suit was for real estate claimed as community property of

plaintiff and her deceased husband. The testimony was admitted as to the wife's interest but excluded as to that of the children. The Eastland Court (Judge Funderburk writing) held the two interests non-severable and the evidence inadmissible as to both. Quite a lengthy review of the decisions is given; but no reference is made to King v. Morris. Writ of error was granted in that case upon the holding of non-severability of the interests. However, the case was later disposed of upon agreed motion, and the question presented was not passed upon by the Supreme Court.

If the sole determining criterion as to severability be whether the interests asserted are united in a single individual, then clearly Marshall's evidence was wholly inadmissible. But we cannot take this view of it. The suit in Spencer v. Schell was upon a promissory note, the entire title to which was in Mrs. Schell. True she deraigned her title to each of two undivided half interests from different sources, one of which was through heirship. But the thing sued upon was a single entity, the note; and the decision that the interests therein were not severable is expressly rested upon the holding that "the right to their enforcement constitutes an indivisible cause of action."

The only analogy here to the Schell case lies in the fact that the interests sued upon are held by the same parties. But there is no merger of these interests into a single cause of action, nor is the recovery sought of a single item of property or upon a single chose in action. The recovery here sought is upon two wholly separate and distinct causes of action arising under two separate statutes. As heirs of their deceased son appellants' suit was predicated upon the survival statute, art. 5525 Vernon's Ann.Civ.St. art. 5525, and the right of recovery based upon and limited to that which had accrued to the deceased at the time of his death. The cause of action which survived was one for unlawful injury and the recovery limited to the incident damage, which, in the instant case, was asserted to be (other than burial expenses noted later) physical and mental pain suffered by deceased up to the time of his death.

The other cause of action sued upon arose under the death statute (Art. 4671). It was predicated upon the unlawful killing of their son and their right of recovery was predicated upon and limited to the damages sustained by them as a result of such unlawful killing. The thing sued for in each cause of action was specific items of damage, each of which was wholly distinct and separate from and wholly unrelated to the other. This is true irrespective of the fact that the two causes of action grew out of a single act of appellee. It was the effect of that act operating separately and distinctly upon the rights of different individuals and in a wholly different manner which brought into being two separate and distinct causes of action; the one for injury and consequent damage to the deceased which he suffered and was entitled to recover during his lifetime, and which passed by the survival statute to his heirs; the other for injury and consequent damage to the parents which they suffered in the death of their son. The fact that the suit embraced two separate and distinct causes of action, which were severable as related to Art. 3716 is clear. In this connection we refer to the recent case of Norman v. Valley Gin Co., Tex.Civ.App., 99 S.W.2d 1065, error refused.

Since the evidence was admissible as applied to one of the causes of action in suit, and no request was made by appellants to limit it to the other cause of action, and no assignment of error is urged to the court's failure so to limit it, appellants are not in position to complain of its admission. This, we think, is the effect of the holding in King v. Morris.

In their evidence in chief appellants relied solely upon an admission by appellee to connect him with the death of their son. Promptly after the killing appellee drove to the sheriff's office and made the statement that he had killed Walter Armstrong. Appellee contends that appellants' introduction of this admission constituted in effect the calling of appellee as a witness and removed the bar of the statute to the complained of testimony of appellee. The general, well established rule that an admission when introduced by the opposing party may be denied or explained by the party against whom it is introduced is invoked. In First Nat. Bank v. Rush, Tex. Civ.App., 227 S.W. 378 (opinion by Chief Justice Huff of the Amarillo Court), it was held that a memorandum introduced by an administratrix might be explained by the opposing party, who made the memorandum. A case which appears directly in support of appellee's contention is Smith's Ap-

peal, 52 Mich. 415, 18 N.W. 195. Clearly such admission, when offered as evidence, may be denied (Garner v. Cleveland, 35 Tex. 74) ; and, correlatively, the party making the admission may give his version of its text and the circumstances under which it was made, and may supply omissions from the admission testified to. Since our above holding determines the issue, we have not deemed it necessary to extend our research as to this latter question sufficiently to rest a decision thereon.

■■■ As to the second ground for reversal: The plea of self-defense reads: "For further answer herein, without waiving any of the foregoing pleas, but still insisting upon same, the defendant says that he did not wrongfully kill Walter Armstrong but acted in self defense; that he shot Walter Armstrong because he was in anticipation and fear of serious bodily injury or death by the said Walter Armstrong; that the said Walter Armstrong made threats against his life accompanied by actions which led him to believe that he was in danger of being seriously injured or killed by the said Walter Armstrong; and that he, Bob L. Marshall, had reasonable grounds to substantiate said fears."

There was no exception to this plea; but its total insufficiency to raise the issue of self-defense is urged on the ground that no facts are plead which would constitute such defense, but only legal conclusions are alleged. We overrule this ground of reversal. The pleading we believe alleges the essential ultimate facts constituting the plea of self-defense. The allegations (1) that appellee was motivated (shot Walter Armstrong) by "anticipation and fear of serious bodily injury or death"; (2) that deceased had made "threats against his life accompanied by actions which made him believe that he was in danger of being seriously injured or killed by" deceased; (3) that "he had reasonable ground to sustain said fear," were all of facts. Mental state is certainly a fact; so also are the specific causes for its inducement. After all the paramount purpose of pleading is to give notice of what is relied upon as a ground of recovery or defense. Clearly this plea was sufficient for that purpose. The case appears to have been fully developed by both sides on this issue; and there is no intimation in the record that appellants suffered the slightest detriment as a result of any inadequacy in the pleading. Had appellants desired a more detailed statement of facts regarding this defense, they had the right to make demand therefor by special exception to the pleading. For a full discussion of district court rule XIX requiring pleadings to be of facts and not .mere conclusions, see 33 Tex.Jur., pp. 430 et seq.

■ As concerns the cause of action of appellants as parents of deceased for future contribution to their support, the issue of self-defense became immaterial under jury findings to the effect that appellants suffered no injury as a result of the death of their son. Whether, therefore, self-defense was properly plead or the evidence of appellee thereon was properly admitted, became academic; and any error in that regard was rendered harmless. In answer to special issues 1A and 2, the jury found that had deceased lived he would not have made financial contribution to appellants. These findings are not attacked in any way and manifestly they preclude recovery on this branch of the case.

■ The same is true as to the item of mental and physical pain and suffering of deceased in appellants' suit as heirs. The uncontradicted evidence is that deceased was unconscious from the time he was shot until his death which occurred shortly thereafter, and the jury found (issues 3 and 4) that deceased did not suffer mentally or physically from the time he was shot until he died.

■■ Under any possible theory of the case the asserted error with regard to the issue of self-defense is harmless save only as to the items included in burial expenses. These items were properly proved and found upon, and under the authorities they appear to be recoverable either by the estate or the parents (the latter having paid them). See 33 Tex.Jur., p. 140; 17 C.J., p. 1338; 16 Am.Jur., p. 37. These items are clearly severable from the items of loss of contributions and pain and suffering of deceased, independently of rule 62a and the construction placed thereon in Phœnix Assur. Co. of London v. Stobaugh, 127 Tex. 308, 94 S.W.2d 428, and cases there cited. First Nat. Bank v. San Antonio & A. P. R. Co., 97 Tex. 201, 77 S.W. 410 (opinion by Chief Justice Gaines) is directly in point. See, also, Donada v. Power, Tex.Civ.App., 186 S.W. 871, and cases there cited, and 3 Tex.Jur., p. 1150.

The trial court's judgment is affirmed.