**Gilbert N. HARPER et al., Appellants,**

v.

**N. L. JOHNSON et al., Appellees.**

**No. 7162.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 15, 1959.

Rehearing Denied Jan. 12, 1960.

———◆———

Strasburger, Price, Kelton, Miller & Martin, R. L. Stanfield, Dallas, W. D. Brown, Quitman, for appellants.

Kenley, Sharp, Ritter & Boyland, Longview, W. H. Frank Barnes, Terrell, for appellees.

FANNING, Justice.

The opinion of September 29, 1959 in this cause is withdrawn and the following opinion is now rendered in the cause.

Gilbert N. Harper, Allied Van Lines, Inc., and Dallas Transfer & Terminal Warehouse Company in a joint suit as plaintiffs sued N. L. Johnson, individually and as heir of the estate of Norman Lee Johnson, deceased, Minerva Johnson, individually and as heir of the estate of Norman Lee Johnson, deceased, and W. E. Lindley as administrator of the estate of Norman Lee Johnson, deceased, for damages resulting from the collision of the automobile of Norman Lee Johnson, deceased, and the truck-tractor plaintiff Harper owned and was driving. Plaintiff Harper sued for personal injuries and for damages to his truck-tractor. Plaintiff Allied Van Lines, Inc., sued for damages to goods, furnishings and clothing it alleged it was transporting in the trailer involved in the accident. Plaintiff Dallas Transfer & Terminal Warehouse Company sued for damages to the trailer in question which they alleged they owned.

Defendants N. L. Johnson and Minerva Johnson, the parents of Norman Lee Johnson, deceased, who were sued individually and as heirs of Norman Lee Johnson, answered plaintiffs' suit; they also filed a cross-action against plaintiffs, suing in their cross-action as surviving parents of Norman Lee Johnson, deceased, who was killed in the collision in question, for damages which they alleged they sustained as a result of the death of their son based upon contributions which they could and would reasonably have expected to receive of him if he had not been killed; they also in their cross-action sued for funeral expenses and cost of a grave marker which they incurred as a result of their son's death. It was also alleged in this cross-action that the cross-defendant, Gilbert N. Harper, was acting as the agent, servant and employee of the other two cross-defendants, Allied Van Lines, Inc., and Dallas Transfer & Terminal Warehouse Company, at the time of the collision, and upon the trial of the case there was no controversy upon this issue.

Defendant, W. E. Lindley, administrator of the estate of Norman Lee Johnson, deceased, answered plaintiffs' pleadings and also filed a cross-action against the three plaintiffs, alleging Harper to be the agent of the other two plaintiffs, and seeking damages for the demolition and destruction of the automobile of Norman Lee Johnson, deceased, occasioned by said collision.

Plaintiff, Gilbert N. Harper, was driving a truck-tractor and trailer on U. S. Highway 80, traveling in a westerly direction, and Norman Lee Johnson, son of defendants, N. L. Johnson and Minerva Johnson, was driving a 1957 Ford automobile on

U. S. Highway 80, traveling in an easterly direction. These two vehicles collided on said highway approximately six miles west of the town of Mineola, in which collision Norman Lee Johnson was killed. All parties allege that the damages for which they sued resulted from this collision.

The case was tried to a jury. The cause was submitted to the jury upon special issues and in answers thereto the jury convicted the plaintiffs-cross-defendants of negligence which proximately caused the accident and death of Norman Lee Johnson and absolved Norman Lee Johnson of any negligence causing or contributing to cause the accident. The jury in response to the special issues submitted also found that N. L. Johnson and Minerva Johnson paid as funeral expenses as a result of the death of their son the sum of $1,047.45, and that such amount was reasonable and the customary charges for such services in Wood County, Texas, and the jury further found that the Johnsons had contracted and agreed to pay the sum of $460 for a grave marker for their deceased son and that such amount was reasonable and the customary charges for such service in Wood County, Texas. The jury further found that Minerva Johnson and N. L. Johnson by reason of the death of their son suffered pecuniary losses by reason of the reasonably probable expectation of pecuniary contributions which their deceased son would have made to them, in the respective amounts of $15,000 and $6,000.

It was stipulated by the parties that the damages to the automobile of Norman Lee Johnson, deceased, was in the amount of $1,750.

Based upon the verdict of the jury the court entered judgment that plaintiffs take nothing against defendants N. L. Johnson and Minerva Johnson, individually and as legal heirs of Norman Lee Johnson, deceased, and W. E. Lindley, administrator of the estate of Norman Lee Johnson, deceased; based upon the verdict of the jury the court further entered judgment for

N. L. and Minerva Johnson on their above-described cross-action against the cross-defendants, Harper, Allied Van Lines, Inc., and Dallas Transfer & Terminal Warehouse Company for their damages as found by the jury in the total amount of $22,507.45; based upon the verdict of the jury and the agreed stipulation as to damages to the automobile of Norman Lee Johnson, deceased, the trial court entered judgment for W. E. Lindley, administrator of said estate, against the said three cross-defendants for the sum of $1,750, the agreed amount of damages to said automobile.

Plaintiffs-cross-defendants' motion for new trial was overruled and they have appealed.

Appellants present 25 points on appeal. Their first 21 points relate to the general proposition that the trial court was in error in his construction of the Dead Man's Statute (Article 3716, Vernon's Ann.Civ. St.) and that the trial court erred in not permitting plaintiff Harper to testify as to any of the facts concerning how the collision occurred. The position of appellants in this regard is set out in their statement under said points as follows:

"We will discuss these points together in the interest of brevity since they relate to the general proposition that the trial court was in error in his construction of the Dead Man's statute. The trial court held that Harper, one of the plaintiffs, could not testify to any facts concerning how the collision occurred. This ruling was perhaps correct as to one of the nine causes of action involved in this lawsuit. The court was perhaps correct in holding that Harper was barred by the Dead Man's statute from testifying as to how the collision occurred in connection with his own personal lawsuit for injuries and damages to his truck.

"However, the court was obviously in error in refusing to permit Harper's

testimony to be offered and admitted in connection with the causes of action set forth by the other two plaintiffs, Allied Van Lines, Inc. and Dallas Transfer & Terminal Warehouse Company wherein they sought to recover damages for their property damage. The trial court was also very obviously in error in excluding Harper's testimony as to how the accident occurred when offered as it was offered for the limited purpose of defense on his own behalf and on behalf of Allied Van and Dallas Transfer against the death action brought by the Defendants N. L. Johnson and Minerva Johnson as parents of Norman Lee Johnson, driver of the Ford car involved in the accident and who was killed in the collision."

Article 5525, V.A.C.S., the survival statute, provides:

"All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive. Acts 1925, p. 299, 39th Leg. ch. 115, § 2; Acts 1927, 40th Leg. p. 356, ch. 239, § 1."

■ The cause of action of the parents for the funeral expenses of their deceased son (including a grave marker) was a cause of action which survived under Art. 5525, V.A.C.S., the survival statute. See Arm-strong v. Marshall, Tex.Civ.App., 146 S.W. 2d 250, 251, wr. dis., judgm. cor., wherein it is stated:

"Bill Armstrong and wife sued Bob L. Marshall for damages caused by the alleged wrongful killing of their son Walter Armstrong. They sued both as parents and as sole heirs at law of the deceased. The damages claimed were: $8,000, loss of financial support; $5,-000, mental and physical pain suffered by deceased prior to his death; and *$343, burial expenses, itemized as funeral ($198), cemetery lot ($90), and tombstone ($55)."*

\* \* \* \* \* \*

"As heirs of their deceased son appellants' suit was predicated upon the survival statute, art. 5525, Vernon's Ann.Civ.St., art 5525, and the right of recovery based upon and limited to that which had accrued to the deceased at the time of his death. The cause of action which survived was one for unlawful injury and the recovery limited to the incident damage, which, in the instant case, was asserted to be (other than burial expenses noted later) physical and mental pain suffered by deceased up to the time of his death.

\* \* \* \* \* \*

"\* \* \* as to the items included in burial expenses. These items were properly proved and found upon, and under the authorities they appear to be recoverable *either by the estate or the parents (the latter having paid them.)* \* \* \*" (Emphasis added.)

Also see South Texas Coaches v. Eastland, Tex.Civ.App., 101 S.W.2d 878, 881 and authorities cited therein.

■ Likewise the cause of action (brought by the administrator of the estate of the deceased son) for damages to the automobile of the deceased son, was a cause of action which survived under Article 5525, V.A.C.S. See Jenney v. Jack-

son, Tex.Civ.App., 46 S.W.2d 418, and authorities therein cited. Also in accord is Armstrong v. Marshall, supra.

Article 3716, V.A.C.S., the Dead Man's Statute, provides as follows:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

■ Plaintiff-cross-defendant Gilbert M. Harper was inhibited by Article 3716, V.A.C.S., from testifying as to the facts of the collision in question in his suit against N. L. Johnson and Minerva Johnson as heirs of Norman Lee Johnson, deceased, and in his suit against Lindley, the administrator of the estate of Norman Lee Johnson, deceased. He was also inhibited by Article 3716, V.A.C.S., from testifying as to the facts of the collision in question in defense to the cross-action brought against him by the parents as heirs of Norman Lee Johnson, deceased, for funeral expenses of the deceased paid by the parents and for the grave marker contracted to be paid for by the parents. Harper was also inhibited by Article 3716, V.A.C.S., from so testifying in defense to the cross-action brought against him by Lindley, the administrator of the estate of Norman Lee Johnson, deceased, for damages to the automobile of the deceased. See Andreades v. McMillan, Tex.Civ.App., 256 S.W.2d 477, wr. dis., and Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185.

■ The evidence in question of Harper was not inhibited by Article 3716, V. A.C.S., in his defense to the parents' cross-

action under the wrongful death statute (Article 4671, V.A.C.S.) for damages arising from the reasonably probable expectations of pecuniary contributions which their deceased son would have made to the parents. Armstrong v. Marshall, Tex.Civ. App., 146 S.W.2d 250, wr. dism., judgm. cor.; Norman v. Valley Gin Co., Tex.Civ. App., 99 S.W.2d 1065, wr. ref.

■ The evidence in question of Harper was not inhibited by Article 3716, V.A.C. S., in the causes of action of Allied Van Lines and of Dallas Terminal & Warehouse Company, against the administrator of the estate of Norman Lee Johnson, deceased, nor was such evidence inhibited by Article 3716, V.A.C.S., in defense to the parents' and administrator's cross-actions against Allied Van Lines and Dallas Transfer & Terminal Warehouse Company.

Appellees take the view that the evidence in question was incapable of limitation as a practical matter, citing the case of Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, and other cases of similar import, and contend that the trial court did not err in granting their motion to suppress such evidence in its entirety. Appellants offered the evidence in question for the limited purpose hereinbefore referred to and take the position that the case of Spencer v. Schell, supra, and other cases of similar import, are not applicable to the facts in the case at bar, and that such evidence should have been admitted for the limited purpose for which it was admissible. Appellants' objections and exceptions to the trial court's action in suppressing the testimony in question were timely made and properly preserved in the record.

Upon careful reconsideration of this cause on rehearing we have reached the conclusion that the cases of Spencer v. Schell, 107 Tex. 44, 173 S.W. 867; Colvard v. Goodwin, Tex.Civ.App., 24 S.W. 2d 786, wr. dis., and McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R.

1421, relied on by appellees and cited in our withdrawn opinion of September 29, 1959, are distinguishable from the facts in this case and are not controlling here. We think the cases of King v. Morris, Tex. Com.App., 1 S.W.2d 605, and Armstrong v. Marshall, Tex.Civ.App., 146 S.W.2d 250, wr. dis., judgm. cor., are applicable and controlling here. The case of Armstrong v. Marshall, supra, contains an excellent discussion of the distinctions to be made between Spencer v. Schell and King v. Morris and analogous cases. We quote from the court's opinion in Armstrong v. Marshall, supra (146 S.W.2d 250, 251) as follows:

"Bill Armstrong and wife sued Bob L. Marshall for damages caused by the alleged wrongful killing of their son Walter Armstrong. They sued both as parents and as sole heirs at law of deceased. The damages claimed were: $8,000, loss of financial support; $5,000, mental and physical pain suffered by deceased prior to his death; and $343, burial expenses, itemized as funeral ($198), cemetery lot ($90) and tombstone ($55). Marshall plead self-defense. The judgment, upon a special issue verdict, was in favor of Marshall, and Mr. and Mrs. Armstrong have appealed.

"Appellants' brief contains seven assignments of error, which, however, present but two grounds for reversal:

"1. Asserted incompetence of Marshall under R.C.S. Art. 3716 to testify in his own defense to conversations and transactions with deceased prior to and at the time of the killing.

\* \* \* \* \* \*

"As to the first ground it suffices to say that if the statute is applicable the admitted testimony clearly came within its inhibition.

"In so far as the suit was for loss of future contribution to appellants' support, the statute has no application,

and appellee's testimony was admissible. Wallace v. Stevens, 74 Tex. 559, 12 S.W. 283.

"In so far as the suit was for damages accruing to the estate of deceased, the language of the statute clearly applies, and the testimony was inadmissible.

"The question then arises whether, being inadmissible as to the latter branch of the suit it should have been excluded altogether. This question depends upon the severability vel non of appellants' action as parents for prospective contribution to their support, on the one hand, from their action as heirs for damages recoverable by deceased's estate, on the other.

"There are many reported cases dealing with severability as applied to this statute; and efforts to reconcile them have not met so far with general satisfaction. The leading case upon the subject is Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, holding nonseverable an action upon a promissory note by the surviving wife in the dual capacity of owner in her own community right of a half undivided interest in the note, and as owner of the other half interest as heir of her husband. The opinion cites with apparent approval and distinguishes the cases of Harris v. Warlick, Tex.Civ.App., 42 S. W. 356; Field v. Field, 39 Tex.Civ. App. 1, 87 S.W. 726, and Evans v. Scott, Tex.Civ.App., 97 S.W. 116.

"In King v. Morris, Tex.Com.App., 1 S.W.2d 605, the suit was by the surviving wife and daughter to recover sums illegally paid as usurious interest on a promissory note which was community property of deceased and his surviving wife. It was held that the interest of the surviving wife was severable from that of the daughter and that the statute did not apply to the former but did to the latter. The

opinion was delivered by Judge Critz upon rehearing, in which a former contrary holding of Judge Nichels (Tex. Com.App., 298 S.W. 412) was overruled. Judge Critz quotes at length from Chief Justice Phillips' opinion in Spencer v. Schell, and distinguishes the two cases apparently on the ground that the entire property (the note) passed to Mrs. Schell as surviving wife and as heir. Stress is laid upon that portion of Judge Phillips' opinion to the effect that if the suit were for recovery of (107 Tex. 44, 173 S.W. 868) 'distinct and severable interests,' the testimony would be admissible as to one interest and not as to the other. The decision in King v. Morris has never been questioned, so far as we have been able to find. It was expressly followed in Theophilakos v. Costello, Tex.Civ.App., 54 S.W.2d 203, a closely analogous case (opinion by Judge Alexander of the Waco Court).

\* \* \* \* \* \*

"If the sole determining criterion as to severability be whether the interests asserted are united in a single individual, then clearly Marshall's evidence was wholly inadmissible. But we cannot take this view of it. The suit in Spencer v. Schell was upon a promissory note, the entire title to which was in Mrs. Schell. True she deraigned her title to each of two undivided half interests from different sources one of which was through heirship. But the thing sued upon was a single entity, the note; and the decision that the interests \* \* \* rested upon the holding that 'the right to their enforcement constitutes an indivisible cause of action.'

"The only analogy here to the Schell case lies in the fact that the interests sued upon are held by the same parties. But there is no merger of these interests into a single cause of action, nor is the recovery sought of a single item of property or upon a single chose in action. The recovery here sought is upon two wholly separate and distinct causes of action arising under two separate statutes. As heirs of their deceased son appellants' suit was predicated upon the survival statute, Art. 5525 Vernon's Ann.Civ.St. art. 5525, and the right of recovery based upon and limited to that which had accrued to the deceased at the time of his death. The cause of action which survived was one for unlawful injury and the recovery limited to the incident damage, which, in the instant case, was asserted to be (other than burial expenses noted later) physical and mental pain suffered by deceased up to the time of his death.

"The other cause of action sued upon arose under the death statute (Art. 4671). It was predicated upon the unlawful killing of their son and their right of recovery was predicated upon and limited to the damages sustained by them as a result of such unlawful killing. The thing sued for in each cause of action was specific items of damage, each of which was wholly distinct and separate from and wholly unrelated to the other. This is true irrespective of the fact that the two causes of action grew out of a single act of appellee. It was the effect of that act operating separately and distinctly upon the rights of different individuals and in a wholly different manner which brought into being two separate and distinct causes of action; the one for injury and consequent damage to the deceased which he suffered and was entitled to recover during his lifetime, and which passed by the survival statute to his heirs; the other for injury and consequent damage to the parents which they suffered in the death of their son. The fact that the suit embraced two separate and distinct causes of action, which were severable as related to Art. 3716 is clear. In this connection we

refer to the recent case of Norman v. Valley Gin Co., Tex.Civ.App., 99 S.W.2d 1065, error refused.

"Since the evidence was admissible as applied to one of the causes of action in suit, and no request was made by appellants to limit it to the other cause of action, and no assignment of error is urged to the court's failure so to limit it, appellants are not in position to complain of its admission. This, we think, is the effect of the holding in King v. Morris."

As above stated, appellants offered the excluded testimony of Harper in question for the limited purposes for which we have held it was admissible as hereinbefore outlined. The excluded testimony in question was vital to the causes of action of Allied Van Lines and Dallas Transfer & Terminal Warehouse Company and was vital to them in their defense to the cross-actions of the parents and of the administrator against them, and the excluded testimony in question was also vital to the plaintiff-cross-defendant Harper in his defense to the cross-action brought against him by the parents under the wrongful death statute (Article 4671) for damages for pecuniary losses arising from the reasonably probable expectation of pecuniary contributions which their deceased son would have made to them. We hold that the trial court erred in not admitting the testimony in question of Harper for the limited purposes for which it was admissible (as above stated), that same constitutes reversible error under the record in this cause and requires that the judgment of the trial court be reversed in part as later ordered in this opinion.

Appellants' 22nd, 23rd, 24th and 25th points do not present reversible error under the record in this cause and are overruled.

The judgment of the trial court in favor of the administrator Lindley against the plaintiff-cross-defendant Harper for the sum of $1,750, the agreed amount of damages to the car of Norman Lee Johnson, deceased, is affirmed.

The judgment of the trial court that Harper take nothing in his suit as plaintiff against the administrator and against the parents individually and as legal heirs of Norman Lee Johnson, deceased, is affirmed.

The judgment of the trial court in favor of the parents Johnson, as legal heirs of Norman Lee Johnson, deceased, and against the plaintiff-cross-defendant Harper, in the amount of $1,507.45 for funeral expenses (including grave marker) of their deceased son, is affirmed.

The judgment of the trial court in favor of the parents Johnson against the plaintiff-cross-defendant Harper, in the amount of $21,000 ($15,000 for Mrs. Johnson and $6,000 for Mr. Johnson) on their cause of action under the wrongful death statute (Article 4671) for damages for pecuniary losses by reason of the reasonably probable expectation of pecuniary contributions which their deceased son would have made to them, is reversed and such cause of action is remanded for a new trial.

The judgment of the trial court in favor of the parents Johnson and in favor of the administrator, and against the plaintiffs-cross-defendants Allied Van Lines and Dallas Transfer & Terminal Warehouse Company, is reversed and the causes of action and cross-actions therein involved are remanded for a new trial.

■ We have carefully reviewed the record for the purposes of determining the assessment of costs in this cause and after doing so it is our opinion that it would be equitable to tax two-fifths (⅖) of the costs in this cause against the administrator and the parents Johnson and three-fifths (⅗) of same should be taxed against the plaintiff-cross-defendant Harper, and the costs are so assessed and taxed.

Affirmed in part and reversed and remanded in part.